■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HARRIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 26, 1984, convicting him of murder in the second degree and manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Lombardo, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

During the attempted robbery of two sailors, a shot was fired by one of the perpetrators, killing one of the sailors. As a result of their canvas of the neighborhood, the police were told, by an anonymous informant, who was known to frequent

the area of the homicide, that two of the perpetrators were named Chase and Hector. A check of the officers' nickname files led them to the home of Marvin and Anthony Harris, whose nicknames were "Big Chase" and "Little Chase", respectively, but they were not at home. The police then contacted Marvin Harris' girlfriend and left a message for him to call them.

Subsequently, the police learned, from the same anonymous informant, that the Chase involved was "Little Chase". Thereafter, when Marvin Harris came to the police station, he was informed that the police were investigating the homicide. At the request of the police, but outside their presence, Marvin Harris called the defendant. After speaking with his brother, Marvin Harris told the police that the defendant was with the guys who did the shooting but he had nothing to do with it.

The defendant failed to show up at the first meeting arranged by his brother and the police. When the defendant arrived at the appointed place of the second meeting, he was placed under arrest, handcuffed and brought to the police station in an unmarked car. At the police station he was uncuffed, but he was not told he was free to leave. Soon after he arrived at the station he was advised of his *Miranda* rights, which he waived, and he then gave an oral inculpatory statement, which was written down by the police. The statement was read to the defendant, who thereafter signed it. The defendant then remained at the station for several hours during which time he was given pizza and soda, and he was left alone. Subsequently, after an Assistant District Attorney had set up video equipment, the defendant was again advised of his *Miranda* rights, which he waived, and he reiterated his earlier statements given to the police.

The defendant's contention that the hearing court improperly failed to suppress his statements is without merit. A warrantless arrest, as here, may be made when the arresting officer has reasonable cause to believe that the person arrested committed a crime *(see,* CPL 140.10 [1] [b]). "Reasonable cause in this context means the same as probable cause *(People v Johnson,* 66 NY2d 398, 402, n 2; *People v Crayon,* 139 AD2d 840, 841 *[lv denied* 72 NY2d 857])" *(People v Willsey,* 144 AD2d 106, 107). "Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been * * * committed" by the defendant *(People v Bigelow,* 66 NY2d 417, 423). Further, "[p]robable cause may be supplied, in whole or part, through hearsay

information" (People v Bigelow, supra, at 423), provided there is a showing that the informant has some basis of knowledge for the information transmitted to the police and that the information can be relied upon by the police (see, People v Johnson, supra, at 402; People v Bigelow, supra). In this regard, information given by an informant can be verified by independent police investigation which corroborates the information (see, People v Johnson, supra, at 403).

In this case, the anonymous informant's information was confirmed by an independent police investigation, which led to corroborative information from the defendant himself, given to the police by the defendant's brother, whose statement gave an appearance of strong reliability. Therefore, the defendant was not illegally seized, since the police could reasonably infer that there was probable cause for his arrest. Accordingly, the defendant's statements stemming from the subsequent custodial interrogation were properly found to be admissible.

Contrary to the defendant's further contention, a review of the hearing testimony and the videotape indicates that his videotaped statements were voluntarily made and that they were not taken in violation of his Fifth Amendment right to remain silent (see, People v Gerald, 128 AD2d 635, lv denied 70 NY2d 646).

The sentence imposed was not excessive nor is there any basis in the record for appellate modification (see, People v Suitte, 90 AD2d 80). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.