■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOUSTON TRIM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered September 16, 1986, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the suppression hearing establishes that a police surveillance team, acting on information that the defendant and others were trafficking in cocaine at a particular location, observed on several separate occasions the defen-

dant and one or two of his cohorts going in and, shortly thereafter, coming out of that location carrying a small package. On the date of the arrest, undercover officers in an unmarked police van followed the defendant's vehicle from that location and pulled up alongside at a red light. One officer observed that the defendant's passenger was "nodding out" and that, next to the defendant, who was in the driver's seat, was a clear plastic bag containing what appeared to be a white powdery substance. With the aid of backup vehicles, the defendant's vehicle was surrounded and the occupants arrested.

Since at least two informants who told police that the defendant was obtaining drugs from a particular location had a proven "track record" of providing information which led to arrests, the police were justified in relying on the information they provided (cf., People v Johnson, 66 NY2d 398, 402-403). Moreover, moments prior to the defendant's arrest, an officer observed him presumptively in possession of what was believed to be cocaine (see, Penal Law § 220.25 [1]; cf., People v McRay, 51 NY2d 594). The record thus establishes that under the totality of the circumstances there was probable cause to arrest the defendant and the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress evidence.

We have examined the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Brown, J. P., Rubin, Sullivan and Harwood, JJ., concur.