■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME BASNIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered June 27, 1986, convicting him of robbery in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Two days after the complainant was robbed and assaulted, an anonymous informant called the "Crime Stoppers" telephone number, stating that he had observed the attack. The anonymous informant provided the police with a description of one of the assailants, including the clothes that the perpetrator was currently wearing and information that he had a gold front tooth. Later that day, based on this information, the defendant was arrested and charged in the attack. Subsequently an accomplice was arrested (see, People v Jones, 141 AD2d 667).

The complainant's own account of the attack, including his description of one of his assailants, corroborated the physical description of the assailant provided by the anonymous informant. Additionally corroborated by the complainant's account were details concerning the date and location of the incident. Under such circumstances, the reliability of the informant was sufficiently established to provide the police with probable cause to arrest the defendant, based on the informant's personal observation of the attack (see, People v Bigelow, 66 NY2d 417, 423-424; People v Johnson, 66 NY2d 398, 403; People v Rodriguez, 52 NY2d 483, 489; People v Elwell, 50 NY2d 231, 237; People v Harris, 146 AD2d 801). Accordingly,

the hearing court did not err when it declined to suppress testimony concerning the complainant's identification of the defendant in a lineup conducted after the defendant's arrest *(cf., People v Dodt,* 61 NY2d 408).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80, 86; *People v Roman,* 84 AD2d 851).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Lawrence, Balletta and O'Brien, JJ., concur.