◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK LAW, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered September 19, 1986, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred when it concluded that the police had probable cause to arrest the defendant. We disagree. Our holding in *People v Trim* (160 AD2d 825), where we considered the very same hearing record and rejected the same arguments when raised by the codefendant Houston Trim, is dispositive of the defendant's contention in this case. The defendant has not raised any new arguments that would require a different result.

The defendant further contends that the People failed to prove that he knowingly and unlawfully possessed the cocaine found in the car which the codefendant was driving and in which the defendant was sleeping in the front passenger seat. Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant was in the vehicle when the police observed and later seized the 4.415 ounces of cocaine which was in a plastic bag in open view on the front seat of the defendant's vehicle *(see,* Penal Law § 220.21 [1]; § 220.25).

Furthermore, we find that the sentence imposed was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Kooper, Sullivan and Lawrence, JJ., concur.