■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered December 8, 1988, convicting him of criminal possession of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement authorities and physical evidence.

Ordered that the judgment is affirmed.

The statements the defendant made at police headquarters and the drugs recovered from the glove compartment of his car were properly ruled admissible, as there was no illegality in the procedures employed by the police to effectuate his arrest. The police clearly had probable cause to arrest based upon the statement made to them by a named citizen infor-

mant, that he had seen the defendant and his cohort James Edwards in a park in the vicinity in possession of crack cocaine vials. When the officers entered the park, they found the defendant and his cohort near a basketball court. A voice from a small crowd that had gathered in the park yelled "look under the tree". In addition to that information, a named citizen told one of the officers that he had seen the defendant and his cohort place a bag full of crack cocaine under a tree near where they were sitting. The other officer recovered the bag, which was full of crack cocaine vials.

We find that since the informant was an identified citizen the information he provided coupled with the discovery of the bag of crack cocaine gave the police probable cause to arrest the defendant (see, People v Lewis, 172 AD2d 550; People v Williams, 159 AD2d 743). Contrary to the defendant's assertion, the informant cannot be characterized as a confidential police informant. He was not anonymous (cf., People v Basnight, 162 AD2d 456) and he did not regularly supply the police with information. Therefore, his reliability and track record did not have to be shown (cf., People v Trim, 160 AD2d 825).

Moreover, the defendant consented to the search of his car while he was being questioned at police headquarters (see, People v Gonzalez, 39 NY2d 122).

We further find that since the People bore the burden of proving beyond a reasonable doubt that the defendant possessed the crack cocaine with the intent to sell it (see, Penal Law § 220.16 [1]), the citizen informant's testimony at the trial, describing his observations of the defendant's transactions both before and on the day of the defendant's arrest, was admissible (see, People v Alvino, 71 NY2d 233; People v Wheeler, 140 AD2d 731).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.