■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD HEISS, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered March 19, 1984, convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (three counts), and criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, counts 1, 2 and 3 of the indictment dismissed, and new trial ordered on counts 7 and 8 of the indictment.

The People failed to establish a proper chain of custody with respect to the cocaine allegedly sold by defendant on August 4, 1983. The testimony of the People's witnesses established that defendant handed a cellophane envelope containing a white powdery substance to Steven Steinback, a codefendant who turned State's evidence. Neither Steinback nor the People's confidential informant, John Armstrong, testified to the substance's unchanged condition. Rather, they both testified that they entered an apartment below the one in which a police investigator was waiting. Steinback testified that Armstrong cut the substance with another white powdery substance. Armstrong denied cutting the substance, but said he did not see the cellophane bag for the entire time because Steinback went into a back room in the apartment with it and emerged shortly afterwards. Thus, while neither witness admitted altering the substance, neither was able to testify to its unaltered condition either. Consequently, there is no chain of custody linking defendant to the substance sold by defendant on August 4, 1983, which was later tested (People v Julian, 41 NY2d 340; People v Gamble, 94 AD2d 960). Accordingly, counts 1, 2 and 3 of the indictment must be dismissed.

The People questioned Steinback with respect to defendant's part in a drug sale which occurred on July 20, 1983 over defendant's objection. Defendant was not charged with participation in this sale, nor was it relevant to intent, motive, identity, or any other accepted exceptions to the Molineux rule (People v Molineux, 168 NY 264; People v Allweiss, 48 NY2d 40). Its sole purpose was to establish criminal propensity. While the court gave curative instructions in an effort to dispel any prejudice, under the circumstances of this case, we

conclude that a new trial is warranted as to counts 7 and 8 of the indictment.

There was a great deal of contradictory testimony given in this case, most of it by the People's primary witnesses. The fact that their credibility was less than overwhelming is evidenced by the jury's acquittal of defendant of three counts of the indictment which involved a transaction on July 26, 1983. The evidence regarding all the charges was based upon the testimony of these same witnesses. Thus, having rejected the People's witnesses' testimony with respect to one transaction, the jury may well have been influenced to convict defendant based, in part, on the improper evidence of an uncharged crime. We cannot say that, under these circumstances, where the proof was far from overwhelming, that the error was harmless (see, People v Crimmins, 36 NY2d 230). Accordingly, a new trial is required. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.