■ BERNARD HEISS, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 72713.)—In a claim to recover damages under Court of Claims Act § 8-b for unjust conviction and imprisonment, the claimant appeals from (1) an order of the Court of Claims (Lengyel, J.), entered January 14, 1987, which granted the State of New York's motion for summary judgment dismissing the claim and denied the claimant's cross motion for partial summary judgment on the issue of liability, and (2) a judgment of the same court, entered February 9, 1987, which dismissed the claim.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment on the claim *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

By judgment of the County Court, Rockland County (Meehan, J.), rendered March 19, 1984, the claimant, Bernard Heiss, was convicted of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree (three counts), and criminal sale of a controlled substance in the third degree, upon a jury verdict. On September 30, 1985, this court reversed the judgment of conviction, on the law, dismissed three counts of the indictment and directed that a new trial be conducted on the remaining two counts *(People v Heiss,* 113 AD2d 953). The decision to dismiss three counts of the indictment was predicated upon our determination that although "the testimony of the People's witnesses established that [Heiss] handed a cellophane envelope containing a white powdery substance to * * * a codefendant" (at 953), there was, nevertheless, no chain of custody linking Heiss to the drugs. A new trial was ordered on the remaining two counts owing to a *Molineux* violation *(People v Molineux,* 168 NY 264). Upon remittitur, the People's motion to dismiss the remaining two counts was granted and the indictment was dismissed in its entirety.

Thereafter, in April 1986 Heiss filed the instant claim against the State pursuant to Court of Claims Act § 8-b, alleging, *inter alia,* that: (1) he was sentenced to a term of imprisonment and served part of the sentence, (2) his judgment of conviction was reversed, and (3) a new trial was ordered but he was not retried and the accusatory instrument was dismissed on grounds permitting the filing of the instant claim. Prior to the joinder of issue the State moved to dismiss the claim pursuant to CPLR 3211 (a) (2), (7) and (8) or, in the alternative, for summary judgment. The claimant, in turn, cross-moved for partial summary judgment on the issue of liability. The Court of Claims ultimately denied the claimant's cross motion and granted summary judgment in favor of the State. The court concluded, in essence, that the claimant had not met his burden of establishing his innocence of the acts for which he was charged. In so ruling, the court referred to a supplementary investigative report which noted that a police

officer, upon searching the claimant, had discovered $2,300 in marked currency in his pocket.

On appeal, the claimant urges that the court improvidently granted summary judgment in favor of the State. We disagree.

We commence our analysis with the legislative intent underlying the Unjust Conviction and Imprisonment Act, as expressed in Court of Claims Act § 8-b (1): "1. The legislature finds and declares that innocent persons who have been wrongly convicted of crimes and subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages. *The legislature intends by enactment of the provisions of this section that those innocent persons who can demonstrate by clear and convincing evidence that they were unjustly convicted and imprisoned be able to recover damages against the state"* (emphasis supplied).

Court of Claims Act § 8-b (3) proceeds to set forth the following prerequisites which a claimant must establish in order to present a viable claim:

"3. In order to present the claim for unjust conviction and imprisonment, claimant must establish by documentary evidence that:

"(a) he has been convicted of one or more felonies or misdemeanors against the state and subsequently sentenced to a term of imprisonment, and has served all or any part of the sentence; and

"(b) (i) he has been pardoned upon the ground of innocence of the crime or crimes for which he was sentenced and which are the grounds for the complaint; or (ii) his judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgement of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) paragraph (a), (b), (c), (e) or (g) of subdivision one of section 440.10 of the criminal procedure law; or (B) subdivision one (where based upon grounds set forth in item (A) hereof), two, three (where the count dismissed was the sole basis for the imprisonment complained of) or five of section 470.20 of the criminal procedure law; or (C) comparable provisions of the former code of criminal procedure or subsequent law; or (D)

the statute, or application thereof, on which the accusatory instrument was based violated the constitution of the United States or the state of New York; and

"(c) his claim is not time-barred by the provisions of subdivision seven of this section".

Based upon a review of the present record, we conclude that the accusatory instrument was not dismissed under any of the limited and specific grounds enumerated under Court of Claims Act § 8-b (3) (b).

In addition to the foregoing, we conclude that the claim failed to comply with the pleading requirements contained in Court of Claims Act § 8-b (4), which provides: "4. The claim shall state facts in sufficient detail to permit the court to find that claimant is likely to succeed at trial in proving that (a) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the state, and (b) he did not by his own conduct cause or bring about his conviction. The claim shall be verified by the claimant. If the court finds after reading the claim that claimant is not likely to succeed at trial, it shall dismiss the claim, either on its own motion or on the motion of the state".

Finally, we note that, as a matter of law, the claimant failed to establish, by clear and convincing proof, that he was unjustly convicted within the meaning of the statute.

Accordingly, the Court of Claims properly granted the State's motion to dismiss the claim. Kunzeman, J. P., Weinstein, Eiber and Spatt, JJ., concur.