■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTRICK CARR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered October 30, 1987, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the People's case-in-chief the victim's daughter was permitted to testify about prior acts of violence by the defendant toward her mother during their 10-year relationship. The People assert that this evidence was admissible under the rule set forth in *People v Molineux* (168 NY 264) because the defendant claimed he was intoxicated, and they assert that such evidence tended to prove his intent. We find that under the facts of this case the isolated and remote prior acts were improperly admitted into evidence since they tended to show the defendant's predisposition to violence *(see, People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241-242; *Matter of Brandon,* 55 NY2d 206, 212; *People v Gautier,* 148 AD2d 280, 285-286; *cf., People v Band,* 125 AD2d 683, 686). However, in view of the overwhelming evidence of the defendant's guilt and the limited extent of the improper testimony, we find that the jury's attention would not have been diverted

from the actual charges to be proven, and thus the admission of the prior acts into evidence was harmless *(see, People v Crimmins,* 36 NY2d 230; *cf., People v Harris,* 150 AD2d 723, 726).

We find that the defendant's remaining contentions concerning remarks made in the prosecutor's summation are largely unpreserved for appellate review *(see, People v Dawson,* 50 NY2d 311, 324; *People v Johnson,* 154 AD2d 618; *People v Leach,* 148 AD2d 751, 752; CPL 470.05 [2]), and we decline to reach the issues in the exercise of our interest of justice jurisdiction. Moreover, we find that the remaining comments by the prosecutor were within the bounds of the evidence and permissible rhetorical comment *(see, People v Ashwal,* 39 NY2d 105, 109).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Brown and Rosenblatt, JJ., concur.