■ The People of the State of New York, Respondent, v Roy Caviness, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered January 5, 1989, convicting him of criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the black pouch containing cocaine which was discarded by his codefendant. The defendant failed to establish that he had standing to challenge the seizure of the pouch and its contents, since he freely relinquished any expectation of privacy in the pouch by giving it to his codefendant before police approached the pair *(see, People v Ponder,* 54 NY2d 160,

165). Moreover, once the police discovered that the pouch contained narcotics, probable cause clearly existed for the defendant's arrest (see, People v White, 117 AD2d 127, 131; People v Finlayson, 76 AD2d 670, cert denied 450 US 931).

In addition, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of criminal sale of a controlled substance. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant additionally contends that he was deprived of a fair trial because the court permitted the arresting officer to testify that he had observed the defendant commit an unrelated drug sale three weeks prior to his arrest on the instant charges. Although the trial court admitted this evidence on the limited issue of the defendant's intent to sell, such intent to sell was clearly inferable from his commission of the charged sale in plain view of the arresting officer (see, Penal Law § 220.00 [1]; People v McDonald, 150 AD2d 805; cf., People v Harris, 146 AD2d 801). Since evidence of the prior sale was thus unnecessary to prove the defendant's intent, the prejudicial value of this evidence outweighed its probative value, and the court erred in admitting it (see, People v Hernandez, 71 NY2d 233, 242; People v Molineux, 168 NY 264). However, in view of the overwhelming evidence of the defendant's guilt, the limited extent of the improper testimony, and the court's extensive instructions to the jury concerning the limited purpose of the uncharged crime evidence, we find that this error was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230; People v Carr, 157 AD2d 794; cf., People v McArthur, 170 AD2d 540).

We find that the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Brown, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.