■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM GREGORY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered September 18, 1989, convicting him of criminal possession of a controlled substance in third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On the morning of July 7, 1988, a housing police officer observed several people individually approach the defendant, engage him in brief conversation, and then walk away. After the last individual to approach the defendant had left, the officer noticed what appeared to be four vials of cocaine in the defendant's hands. When the officer approached the defendant, he dropped the vials to the ground, but made no attempt to flee. After arresting the defendant and recovering the vials which had been dropped to the ground, the officer searched him and discovered 17 additional vials of cocaine in his pocket.

At the trial, the court, over objection, permitted the prosecution to introduce evidence of the defendant's prior conviction of criminal possession of a controlled substance in the third degree for the express purpose of establishing that he possessed cocaine with intent to sell it in the instant case. On appeal, the defendant contends that the admission of this evidence constituted reversible error because the prior crime was too remote to be probative of whether he possessed cocaine with intent to sell it in July 1988. We agree.

Although evidence of uncharged crimes is generally admissible on the issue of a defendant's intent (see, People v Molineux, 168 NY 264, 293), here the prosecution failed to establish any relationship between the defendant's possession of cocaine on April 29, 1986, which resulted in his plea of guilty to criminal sale of a controlled substance in the third degree on December 17, 1986, and the single act of possession which gave rise to his arrest in the instant case more than two years

later. Accordingly, the evidence of the defendant's prior possession of cocaine was, at best, of minimal probative value on the issue of whether he possessed cocaine with intent to sell it on July 7, 1988, and should have been excluded in view of the potential for prejudice *(see, People v Alvino,* 71 NY2d 233, 241; *People v Jackson,* 39 NY2d 64; *People v Heiss,* 113 AD2d 953; *cf., People v Hill,* 166 AD2d 663; *People v Green,* 170 AD2d 530).* Since proof of the defendant's guilt was not overwhelming, we cannot conclude that this error was harmless *(see, People v Crimmins,* 36 NY2d 230).

In light of the foregoing, we do not reach the defendant's remaining contentions. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.