■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SEPULVEDA, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered on April 3, 1990, convicting defendant, after a jury trial, of two counts of criminal sale of a controlled substance in the third degree, and one count of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony

offender, to concurrent indeterminate terms of from 7 to 14 years, unanimously affirmed.

There was overwhelming evidence of defendant's guilt in connection with the sale of heroin to two buyers. Defendant complains, however, that the police officer who had observed the sales from his surveillance post violated the court's ruling barring testimony of uncharged sales occurring between the two sales with which defendant was charged.

To the extent the police officer's testimony violated the court's prior ruling, it constituted harmless error. The police officer's two passing references to uncharged crimes, one of which was not objected to, did nothing to strengthen the People's case and were not further referred to at any time during trial or the prosecutor's summation (cf., People v Ortiz, 142 AD2d 248, 252-253). Further, defendant was charged with multiple crimes, and the facts adduced at trial tended to support the view that defendant and his accomplices were engaged in ongoing, street-level, drug trafficking (see, People v Ventimiglia, 52 NY2d 350, 361).

The trial court did not abuse its discretion in denying defendant's motion for a continuance in order to allow him to subpoena a retired police officer who had participated in the arrest of the buyers. (Matter of Anthony M., 63 NY2d 270.) A motion for a continuance should generally be granted only where, among other things, that the witness is within the jurisdiction. (People v Foy, 32 NY2d 473; Matter of Freire, 121 AD2d 285.) Here, defense counsel conceded that the witness was in West Virginia. Nor did defendant demonstrate that the witness' proposed testimony would have been noncumulative and material. Concur—Carro, J. P., Milonas, Ellerin, Ross and Asch, JJ.