THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE HUTCHINSON, Appellant.

The defendant contends that he was deprived of a fair trial because the court permitted the prosecutor to introduce into evidence a Family Court petition wherein the victim alleged that the defendant, her husband, had assaulted her on numerous occasions, and an Order of Protection issued by the Family Court in connection therewith. The court admitted this evidence on the limited issues of the defendant's motive and intent to commit the crimes with which he was charged. At trial, the defense was that the sole eyewitness to the

murder misidentified the defendant as the assailant. Since the assailant's intent to commit the murder was not an issue in this case *(cf., People v Ingram,* 71 NY2d 474) and inasmuch as the assailant's intent was easily inferable from the act committed *(see, People v McKinney,* 24 NY2d 180, 184), the admission of the evidence of prior assaults by the defendant against his wife, on the issue of intent, was improper. This evidence was, however, admissible to prove the defendant's motive in killing his wife *(see, People v Griffin,* 126 AD2d 743). In any event, in view of the overwhelming evidence of the defendant's guilt, and in light of the court's repeated and extensive instructions to the jury concerning the limited purpose of the uncharged crime evidence, we find that any error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230; *People v Caviness,* 170 AD2d 615).

We find that the sentence imposed was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.