■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO RIOS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered October 29, 1987, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his codefendant Jose Soto were arrested and charged, *inter alia,* with two counts of criminal sale of a controlled substance in the first degree, for the sale of two or more ounces of cocaine to undercover police officers on August 8, 1986, and August 16, 1986, respectively. During the trial, the codefendant pleaded guilty to the reduced charges of criminal sale of a controlled substance in the second degree (two counts), in satisfaction of all the charges contained in the indictment. The defendant was convicted of one count of criminal sale of a controlled substance in the first degree for the August 8, 1986, transaction. At the trial, the defendant's defense was that the People had not proved beyond a reasonable doubt that he was acting in concert with the codefendant in the sale of narcotics and that his identity had not been established. On appeal, the defendant's principal contention is that the trial court erred in admitting evidence of prior uncharged narcotics transactions.

It is well established that evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference that a defendant has a criminal propensity *(People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241). Such evidence, however, may be received, if it helps to establish some element of the crime under consideration *(People v Alvino, supra,* at 241; *People v Lewis,* 69 NY2d 321, 325; *People v Alweiss,* 48 NY2d 40, 46-47), and where its probative value outweighs the potential for prejudice resulting to the defendant *(People v Alvino, supra,* at 241-242).

While we agree that evidence of the defendant's involvement in other uncharged drug transactions was improperly admitted *(see, People v Ingram, supra; People v Alvino, supra; People v Jackson,* 39 NY2d 64; *People v Mascoli,* 166 AD2d 612), we nevertheless conclude that the error was harmless *(see, People v Crimmins,* 36 NY2d 230) in view of the over-

whelming evidence of the defendant's guilt, including the strong identification testimony of the undercover officers who had the opportunity to observe the defendant at close range during the transaction.

The defendant has failed to preserve for appellate review his additional claim regarding the court's failure to give a limiting instruction, as he neither requested such an instruction, nor objected to the charge as given *(see,* CPL 470.05 [2]; *People v Williams,* 50 NY2d 996, 998), and we decline to consider it in the exercise of our interest of justice jurisdiction.

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or without merit. Mangano, P. J., Miller, Copertino and Pizzuto, JJ., concur.