■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MIGUEL RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 9, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing a sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

On their direct case, the People were permitted to introduce evidence concerning the defendant's prior drug sale conviction. The court admitted this evidence on the theory that it was relevant to the defendant's intent to sell. However, since the defendant's intent was clearly inferable from his commission of the sale in plain view of the undercover officer, the evidence of the defendant's prior conviction was unnecessary to prove his intent (see, People v Stevenson, 179 AD2d 832). Moreover, this defendant, unlike his codefendant, did not raise an agency defense (cf., People v Alers, 182 AD2d 822). Thus, the prejudicial effects of this evidence outweighed its probative value, and the court erred in admitting it (see, People v Hernandez, 71 NY2d 233; People v Stevenson, supra). Under the circumstances, this error was not harmless (see, People v Crimmins, 36 NY2d 230; People v Stevenson, supra). Accordingly, the defendant is entitled to a new trial.

In light of this determination, we need not address the defendant's remaining contentions. Rosenblatt, J. P., Miller, Ritter and Pizzuto, JJ., concur.