■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JACKSON, Appellant. [597 NYS2d 440] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered March 22, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant's contention that the admission of evidence of his prior drug activity was error. The defendant was arrested after he allegedly sold two packets of heroin to an undercover police officer in August 1990. Upon his arrest, 10 additional packets of heroin were found on his person. The prosecution presented evidence on its direct case of an incident involving the defendant three months earlier. A police officer testified that he observed the defendant on a date in May 1990 standing in the doorway of an abandoned building with an unidentified male. The defendant had a number of "tins" in one hand, which he appeared to be counting, and money in his other hand. Upon the officer's approach, the defendant ran through the building and was subsequently arrested. The officer testified that he recovered one "tin", and it appeared to contain cocaine, although no proof was offered that it was in fact cocaine. The People contend that this evidence was admissible, purportedly for the limited purpose of proving the defendant's intent to sell the 10 packets of heroin which were found on his person when he was arrested in August 1990.

As a general rule, evidence of similar uncharged crimes is inadmissible because the jury may convict the defendant because of his predisposition to criminal conduct. Such evidence may be received if it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule *(see, People v Alvino,* 71 NY2d 233; *People v Lewis,* 69 NY2d 321). Evidence of a prior criminal sale of narcotics may be admissible under some circumstances to establish criminal intent, provided its probative value outweighs its prejudicial effect *(see, e.g., People v Alvino, supra).* However, evidence of prior criminal acts to prove intent is often unnecessary, and therefore should be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself *(see, e.g., People v Crandall,* 67 NY2d 111 [criminal sale of drugs]). It may be admitted to prove intent, for example, when the evidence falls short of demonstrating that the defendant acted with a particular state of mind, and where proof of a prior act is relevant to that issue *(see, People v Ingram,* 71 NY2d 474; *People v Alvino, supra,* 71 NY2d, at 242; *People v Allweiss,* 48 NY2d 40, 47; *People v Lam Lek Chong,* 45 NY2d 64, 74-75, *cert denied* 439 US 935 [agency defense]; *People v Mann,* 31 NY2d 253, 260-261 [entrapment defense]; *People v Calvano,* 30 NY2d 199, 205-206; *People v Katz,* 209 NY 311, 327-328). Where the act itself is equivocal, and the transaction would not be

criminal unless accompanied by some guilty knowledge, evidence of prior uncharged crimes is more likely to be admissible to create an inference of guilty knowledge *(see, People v Alvino, supra,* at 242-243).

The testimony here that the defendant, on an occasion three months prior to the crime, was observed in possession of money and a "tin" of what may or may not have been cocaine, was inadmissible, and its introduction was an invitation to the jury to speculate that the defendant had previously sold drugs. This evidence was irrelevant. It was of no probative value on the issue of the defendant's intent, and only served to establish his criminal propensities *(see, People v Hudy,* 73 NY2d 40, 54-55; *People v Sessions,* 181 AD2d 842). The court erred in allowing its admission and in instructing the jury that it could be considered on the issue of intent to sell. The error was compounded when the prosecutor was permitted to argue on summation that the jury could rely on the incident in May to resolve any reasonable doubt that the defendant intended to sell the additional packets of heroin in August. Since we conclude that this error was not harmless, we reverse and order a new trial.

In view of our determination, we do not reach the defendant's remaining contention. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.