■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN FIGUEROA, Appellant. [599 NYS2d 864] —Appeal by the

defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered April 14, 1992, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and sentencing him to concurrent terms of 12-½ to 25 years imprisonment on each count.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the defendant's sentence to concurrent indeterminate terms of 6 to 12 years imprisonment on each conviction; as so modified, the judgment is affirmed.

The defendant's contention that it was error to admit evidence of his prior conviction for attempted criminal sale of a controlled substance in the third degree is without merit. Evidence of prior criminal acts "may be admitted to prove intent * * * when the evidence falls short of demonstrating that the defendant acted with a particular state of mind, and where proof of a prior act is relevant to that issue" *(People v Jackson,* 193 AD2d 621). In the instant case, since the only other evidence of the defendant's intent was equivocal, we find that it was proper to admit evidence of the defendant's prior conviction.

The defendant's sentence was excessive to the extent indicated herein.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.