■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVA SIMS, Appellant. [600 NYS2d 745] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Rohl, J.), rendered November 8, 1990, convicting her of attempted criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to be established.

In exchange for $20, the defendant, Melva Sims, and her accomplice, Paul Sessions, sold a "rock-like substance" to an undercover police officer. At the time, the defendants repeatedly assured the officer that he was purchasing crack cocaine. However, the police subsequently determined that the substance did not contain cocaine.

The defendant was charged with attempted criminal sale of a controlled substance in the third degree. The theory of the People's case was that the defendant was under the mistaken belief that she and her accomplice were selling crack cocaine *(see, People v Sessions,* 181 AD2d 842). In order to establish the defendant's intent, the People, over objection, were permitted to introduce evidence that the defendant sold $20 worth of

cocaine to a different undercover officer one year prior to the sale in the instant case. At the conclusion of the trial in the instant case, the defendant was convicted of attempted criminal sale of a controlled substance in the third degree.

We agree with the defendant's contention that the trial court improperly admitted evidence of the prior sale. The prior sale was remote in time to the instant offense and involved an entirely different transaction. Thus, it was not probative of the defendant's intent on the day in question. Rather, the evidence only served to establish the defendant's criminal propensities and divert the attention of the jury from the actual crime charged *(see, People v Jackson,* 193 AD2d 621; *People v Gregory,* 175 AD2d 878; *People v McArthur,* 170 AD2d 540; *cf., People v Alvino,* 71 NY2d 233). Since the proof of the defendant's guilt was not overwhelming, this error cannot be deemed harmless.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.