■ The People of the State of New York, Respondent, v Jesus Gonzalez, Appellant. [603 NYS2d 901] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered May 16, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error when it allowed the prosecutor to introduce evidence, on its direct case, that in 1989 the defendant pleaded guilty to selling cocaine. The defendant further argues that, despite the trial court's limiting instruction, this evidence improperly labeled the defendant as a repeat cocaine seller.

It is well established that evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference that a defendant has a criminal propensity *(see, People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241). Such evidence, however, may be received if it helps to establish some element of the crime under consideration *(see, People v Alvino, supra,* at 241; *People v Alweiss,* 48 NY2d 40, 46-47; *People v Rios,* 183 AD2d 734), and where its probative value outweighs the potential for prejudice resulting to the defendant *(see, People v Alvino, supra,* at 241-242). However, "[e]vidence of prior criminal acts to prove intent * * * should

be precluded even though marginally relevant, where intent may be easily inferred from the commission of the act itself" *(People v Alvino, supra,* at 242).

The crime charged occurred in September 1990. At the request of his codefendant, the defendant reached into a brown paper bag, removed a vial of crack cocaine, and handed it to an undercover police officer. A few minutes later, the defendant was arrested and the brown paper bag was seized. The defendant's action was unequivocally a criminal sale. Therefore, the defendant's intent to sell, a necessary element of the charges of criminal possession of a controlled substance in the third degree, was clearly inferable from his actions only minutes before he was arrested *(see,* Penal Law § 220.00 [1]; *People v Rodriguez,* 184 AD2d 795; *People v Stevenson,* 179 AD2d 832). Moreover, the prior sale in issue, which occurred in April 1988 was remote in time to the instant offense and involved an entirely different transaction. Therefore, the prior sale was not probative of the defendant's intent on the day in question *(see, People v Sims,* 195 AD2d 612). Thus, although the trial court admitted the challenged evidence on the limited issue of the defendant's "intent" to sell regarding the possession counts, the prejudicial value of that evidence outweighed its probative value and it should not have been admitted *(see, People v Hernandez,* 71 NY2d 233, 242; *People v Rodriguez, supra,* at 796; *People v Stevenson, supra,* at 832-833; *People v Sims, supra).* However, in view of the overwhelming evidence of the defendant's guilt, including the strong identification testimony of the undercover officer who had the opportunity to observe the defendant, whose appearance at the time of the crime was unique, at close range during the transaction and shortly thereafter *(see, People v Rios,* 183 AD2d 734, 735, *supra),* the error was harmless beyond a reasonable doubt *(see, People v Crimmins,* 36 NY2d 230, 241-242).

We have reviewed the defendant's remaining arguments and find them to be without merit *(see, People v Olsen,* 34 NY2d 349, 353; *People v Washington,* 71 NY2d 916, 918; *People v Whalen,* 59 NY2d 273, 279; *People v Martinez,* 186 AD2d 824, 825; *People v Jackson,* 70 NY2d 768, 769; *People v Hayes,* 186 AD2d 268). Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.