■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

BOBBY JONES, Appellant. [609 NYS2d 796] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.), rendered July 19, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Two police officers were permitted to testify, over objection, that they observed the defendant engage in a prior uncharged drug transaction. The trial court admitted this evidence on the limited issue of the defendant's intent to sell. However, the defendant's intent was clearly inferable from his commission of the charged sale in plain view of the police officer *(see, People v Stevenson,* 179 AD2d 832; *People v Caviness,* 170 AD2d 615). Since evidence of the prior transaction was unnecessary to prove the defendant's intent, the prejudicial value of this evidence outweighed its probative value and the court erred in admitting it *(see, People v Hernandez,* 71 NY2d 233, 242; *People v Molineux,* 168 NY 264). However, in view of the overwhelming evidence of the defendant's guilt and the court's extensive instructions to the jury concerning the limited purpose of the evidence of the uncharged crime, we find this error to be harmless *(People v Crimmins,* 36 NY2d 230; *People v Stevenson, supra).*

The defendant's remaining contentions are without merit. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.