◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BROWN, Appellant. [607 NYS2d 700] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vaughn, J.), rendered October 8, 1992, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error when it allowed the prosecutor to introduce evidence, on the People's direct case, that in 1983 the defendant pleaded guilty to attempted burglary in the second degree based upon an act committed in 1982. The defendant argues that the admission of this evidence was prejudicial as it was irrelevant and temporally remote.

"Evidence of prior criminal acts 'may be admitted to prove intent * * * when the evidence falls short of demonstrating that the defendant acted with a particular state of mind, and where proof of a prior act is relevant to that issue' " *(People v Figueroa,* 195 AD2d 477, 478, quoting *People v Jackson,* 193 AD2d 621; *see, People v Alvino,* 71 NY2d 233, 245; *People v Molineux,* 168 NY 264, 293). "Even when admissible [to show intent], however, the evidence may not be received unless its probative value exceeds the potential for prejudice resulting to the defendant" *(People v Alvino, supra,* at 242; *People v Ely,* 68 NY2d 520, 529).

Here, the trial court improperly admitted the defendant's

1983 attempted burglary conviction as it was clearly prejudicial and temporally remote *(see, People v Gonzalez,* 198 AD2d 431; *People v Sims,* 195 AD2d 612). The defendant's intent to commit a burglary in 1982 is not probative of his intent to commit a burglary in 1991. Thus, the prejudicial value of the evidence outweighed its probative value and it should not have been admitted *(see, People v Hernandez,* 71 NY2d 233, 242; *People v Rodriguez,* 184 AD2d 795). However, the error was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Copertino and Hart, JJ., concur.