(June 23, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MALDONADO, Also Known as BOLLO, Appellant. [613 NYS2d 754] —Mercure, J. P. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered April 8, 1993, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree.

In February 1992, defendant was indicted for two counts of criminal sale of a controlled substance in the third degree. At trial, the People produced Peter Rivera, a confidential informant, who testified that he made purchases of cocaine from defendant in the City of Albany on November 14, 1991 and November 22, 1991. In addition, Special Investigations Unit Detective William Kieran of the Albany Police Department testified that he controlled each of the drug transactions by first conducting a strip search of Rivera, equipping him with a body wire and supplying the buy money, then electronically monitoring and observing the actual sale to the extent possible and taking custody of the drug after the sale. Kieran also explained that Rivera was a drug addict who had offered to become an informant in exchange for leniency in connection with criminal charges pending against him. In fact, it was Rivera who had initially suggested defendant as a person who would sell him drugs. Convicted after trial of both counts of the indictment and sentenced as a predicate felon to consecutive prison terms of 7½ to 15 years, defendant appeals.

Initially, we reject the contention that Rivera's testimony, when asked how he knew defendant, that he had previously "bought drugs off of him", prejudiced defendant to the point where County Court should have *sua sponte* declared a mistrial. First, the jury had already been made aware in the People's opening statement that Rivera was an addict with an extensive criminal history who had identified defendant to the police as a person from whom he could buy drugs. As such, the testimony came as no surprise. Second, this solitary refer-

ence to a prior drug sale did nothing to strengthen the People's case (see, People v Sepulveda, 176 AD2d 196, lv denied 79 NY2d 864). The case against defendant turned almost entirely upon the jury's assessment of Rivera's credibility and, because there was no further evidence to corroborate Rivera's testimony concerning the earlier sale, this testimony did nothing to enhance the jury's opinion of him. Simply stated, if the jury credited Rivera's testimony, then it would find that defendant made the sales charged in the indictment; if not, it would reject Rivera's testimony concerning both the present and past drug sales. Finally, in view of the overwhelming evidence of guilt and County Court's prompt curative instructions, the error was at worst harmless (see, People v Jones, 201 AD2d 504; People v Stevenson, 179 AD2d 832; People v Sepulveda, supra; People v Caviness, 170 AD2d 615, lv denied 77 NY2d 993; see also, People v Crimmins, 36 NY2d 230).

Nor are we persuaded that the aggregate sentence of 15 to 30 years, although no doubt severe, was harsh and excessive (see, Penal Law § 70.30 [1] [b], [c] [i]; People v Davis, 147 AD2d 817, lv denied 74 NY2d 807; People v Hammond, 116 AD2d 766, lv denied 67 NY2d 943). Contrary to defendant's representation, these were very serious offenses and, at the time of their commission, defendant was on probation in connection with a November 1990 Federal court conviction of cocaine possession with intent to distribute the same. Although defendant was offered and rejected a negotiated resolution of the indictment involving a possible sentence of 3½ to 7 years, the record is silent as to the actual charge or charges to which defendant was to enter a guilty plea. Further, considering that the People's entire case turned on whether the jury chose to believe or disbelieve Rivera, there was good reason to offer a favorable disposition in order to avoid the considerable uncertainty of trial. However, once a conviction was obtained, that rationale no longer existed.

Defendant's remaining contentions have been considered and rejected.

Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.