■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO NIEVES, Appellant. [616 NYS2d 52] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered September 25, 1992, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

· The charges arose out of an incident on or about October 24, 1991, when the defendant was arrested during a "buy and bust" operation at 1420 Gateway Boulevard, in Queens, New York. On appeal, the defendant, who is Hispanic, contends that the prosecutor engaged in purposeful discrimination in jury selection, thereby violating the defendant's equal protection rights (see, Batson v Kentucky, 476 US 79). We agree.

Once the defendant had established a prima facie case of purposeful discrimination in jury selection, it became incumbent upon the prosecutor to come forward with a racially-neutral explanation for the use of his peremptory challenge (see, Batson v Kentucky, supra). As the People concede in their brief on appeal, the prosecutor failed to give a sufficient race-neutral reason for striking a Hispanic venireperson while accepting a similarly situated white venireperson (see, People v Rodney, 192 AD2d 626). Accordingly, we reverse the judgment of conviction and direct a new trial.

Since there must be a new trial, we note that the trial court

improperly admitted evidence of the defendant's uncharged crimes. We agree that the defendant's 1991 conviction upon his plea of guilty to criminal sale of a controlled substance in the fifth degree and his 1987 conviction upon his plea of guilty to attempted criminal sale of a controlled substance in the fifth degree tended to support the inference of the defendant's guilty knowledge as an element of the possessory crime charged in this indictment (see, Penal Law § 220.18; *People v Satiro,* 72 NY2d 821; *People v Alvino,* 71 NY2d 233, 241). However, the prior convictions involved entirely different transactions. Thus, the evidence was of minimum probative value on the issue of whether the defendant had guilty knowledge on the day in question, and should have been excluded in view of the potential for prejudice (see, *People v Sims,* 195 AD2d 612; *People v Jackson,* 193 AD2d 621; *People v Gregory,* 175 AD2d 878). Mangano, P. J., Rosenblatt, Joy and Florio, JJ., concur.