■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE FIGUEROA, Appellant. [622 NYS2d 87] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered July 31, 1991, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

According to the testimony adduced at the trial, on November 28, 1989, the defendant was observed by an undercover police officer in the vicinity of 56th Street and Fourth Avenue in Brooklyn handing a white powdery substance to a woman in exchange for a sum of money. Moments later, the arrest team apprehended the defendant and recovered from him nine bags of cocaine and $130 dollars. The buyer was not apprehended. At the trial, the prosecutor was permitted to elicit, over the defense counsel's objection, that the defendant and the buyer "usually walk up and down the avenue, dealing drugs, that's a known drug location", that the reason they walked up and down the avenue was to avoid being "caught by the cops", and that the buyer "usually dealt heroin".

Evidence of uncharged crimes and other background material is inadmissible if offered merely to prove a defendant's criminal disposition, although it may be admissible for other limited purposes *(see, People v Allweiss,* 48 NY2d 40; *People v Molineux,* 168 NY 264, 293; *People v Philpot,* 50 AD2d 822). In this straightforward case of a single drug sale which was observed by an undercover officer, which occurred immediately prior to the defendant's arrest, and where both drugs and money were recovered from the defendant upon his arrest, the challenged testimony was highly prejudicial and of minimal probative value on the issue of whether the defendant possessed cocaine with the intent to sell it on November 28, 1989 *(see, People v Sims,* 195 AD2d 612; *People v Martinez,*

191 AD2d 459; *People v Gregory,* 175 AD2d 878). The prejudicial impact of this testimony was compounded by the prosecutor's opening remarks concerning the officer's drug purchases in the vicinity of the defendant's arrest and the defendant's status as a drug dealer, and arguments in summation reiterating that the area was a "drug prone location", and that "drug dealers walk up and down Fourth Avenue" *(see, People v Alfonso,* 194 AD2d 358; *People v James,* 184 AD2d 582; *People v Philpot, supra).*

In addition, the trial court failed to mitigate the prejudice either during trial or in its charge to the jury. In fact, the court charged the jurors that they could consider the circumstances prior to, during, and after the event at issue in determining the defendant's intent to sell the drugs found in his possession. Thus, it is likely that the jury was improperly influenced by the undercover officer's testimony in concluding that the defendant intended to sell the drugs found in his possession on the day in question. Under these circumstances, the prejudicial effect of the challenged testimony so far exceeded its probative value, rendering its admission reversible error *(see, People v Crandall,* 67 NY2d 111; *People v Bolling,* 120 AD2d 601). Since proof of the defendant's guilt was not overwhelming, we cannot conclude that this error was harmless *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Gregory, supra; People v Bolling, supra).*

We have examined the defendant's contention regarding the closure of the courtroom during the testimony of the undercover officer and find it to be without merit. Sullivan, J. P., Lawrence, Ritter and Joy, JJ., concur.