■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE VARGAS, Appellant. [626 NYS2d 507] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered January 5, 1993, convicting him

of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and attempted robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted, *inter alia,* for various crimes relating to a sexual assault in 1992. The People moved, prior to trial, for leave to introduce evidence on their direct case concerning the underlying facts and circumstances of sexual misconduct by the defendant in connection with the defendant's 1982 burglary convictions. The court ruled that the People could introduce evidence with respect to four prior incidents in which the defendant had used force to sexually abuse women. The defendant then abandoned his consent defense, and the People did not introduce the evidence concerning the prior sexual misconduct. The defendant contends that the ruling "forced" him to abandon his defense that the complainant consented to his sexual advances, and thereby constituted reversible error.

It is well established that evidence of uncharged crimes is inadmissible where it is offered solely to raise an inference that a defendant has a criminal propensity *(see, People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241). Such evidence, however, may be received, if it helps to establish some element of the crime under consideration *(People v Alvino, supra,* at 241; *People v Allweiss,* 48 NY2d 40, 46-47). For example "[e]vidence of prior criminal acts 'may be admitted to prove intent * * * when the evidence falls short of demonstrating that the defendant acted with a particular state of mind, and where proof of a prior act is relevant to that issue' " *(People v Figueroa,* 195 AD2d 477, 478, citing *People v Jackson,* 193 AD2d 621). However, even when such evidence is admissible, it must not be admitted unless its probative value outweighs its potential for prejudice to the defendant *(see, People v Alvino, supra,* at 242). We find that such a circumstance was presented in the case at hand.

Here, the subject conduct, sexual intercourse, is not criminal unless accompanied by the requisite unlawful intent. Had the defendant asserted that the complainant consented to engage in sexual intercourse, he would have placed his intent directly in issue. The trial court properly determined that, under those circumstances, evidence of the defendant's prior sexual misconduct would have been relevant to establish the requisite criminal intent.

In light of the foregoing, the defendant was not "forced" to

abandon his consent defense. He simply utilized strategy in order to avoid the disadvantageous ruling.

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.