■ The People of the State of New York, Respondent, v Benjamin Heath, Appellant. [631 NYS2d 964] —Judgment unanimously affirmed. Memorandum: At a *Wade* hearing prior to defendant's first trial, a prosecution witness testified that she was shown photographs but failed to identify defendant from those photographs. Defendant's conviction was reversed *(People v Heath,* 175 AD2d 562). At the retrial, on cross-examination, that witness testified that she had identified defendant from photographs. When pressed by defense counsel, however, she equivocated and indicated that she believed that she had identified defendant from photographs. On appeal, defendant argues that the People violated CPL 710.30 by failing to provide notice that the witness had previously identified defendant from photographs.

By failing to object on that ground at trial, defendant did not preserve for our review his present argument *(see,* CPL 470.05 [2]). Reversal as a matter of discretion in the interest of justice is not warranted. The failure to identify defendant from photographs is not an identification procedure of which notice must be given *(see, People v Trammel,* 84 NY2d 584), and the record supports the contention of the People that the witness did not identify defendant from photographs but was merely mistaken at defendant's retrial *(see, People v Gholston,* 178 AD2d 546, *lv denied* 79 NY2d 947).

Defendant was not denied a fair trial when a defense witness made an unresponsive comment on cross-examination by the prosecutor concerning defendant's prior conviction. The record does not support defendant's assertion that the prosecutor purposefully elicited that comment. Moreover, the prosecutor did not exploit the situation but ignored the comment and did

not refer to it on summation *(see, People v Sepulveda,* 176 AD2d 196, 197, *lv denied* 79 NY2d 864).

The verdict is not against the weight of the evidence. At the retrial, a prosecution witness testified that he observed defendant stab the victim. At defendant's first trial, however, that same witness testified only that he observed defendant leave the restaurant with a knife in his hand and that he then realized that the victim had been stabbed. Although that testimony at the retrial is suspect, the remaining evidence, while circumstantial, strongly supports the jury's determination that defendant stabbed the victim. We cannot conclude that the jury failed to give the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490, 495). We decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Oneida County Court, Murad, J.— Manslaughter, 1st Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.