■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRA LUNSFORD, Appellant. [664 NYS2d 107] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 17, 1995, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arises from his possession of a loaded handgun which was recovered after a police stop of his vehicle. At trial, the court permitted the prosecutor, over objection, to play an audio tape of the 911 emergency telephone call which formed the basis for the subsequent radio transmission alerting the arresting officer that shots had been fired from the defendant's vehicle. On appeal, the defendant contends that the court erred in admitting the 911 audio tape into evidence because it contained prejudicial references to uncharged crimes. We agree. Although the introduction of limited background evidence is proper where necessary to complete the narrative of events and to assist the jury in understanding

the crime (*see, People v Gines,* 36 NY2d 932; *People v Stanard,* 32 NY2d 143, 146; *People v Hamid,* 209 AD2d 716), the crime charged here was unambiguous, and the minimal probative value of the 911 audio tape was outweighed by its potentially prejudicial impact (*see, People v Figueroa,* 211 AD2d 811; *People v Stevenson,* 179 AD2d 832; *People v Tucker,* 102 AD2d 535). However, in view of the overwhelming evidence of the defendant's guilt, and the court's extensive instructions to the jury concerning the limited purpose of the evidence of the uncharged crimes, we find this error to be harmless (*see, People v Crimmins,* 36 NY2d 230; *People v Jones,* 182 AD2d 708; *People v Stevenson, supra*). Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.