■ The People of the State of New York, Respondent, v James Lewis, Appellant. [740 NYS2d 165] —Appeal from a judgment of Yates County Court (Falvey, J.), entered June 1, 1999, convicting defendant after a jury trial of, inter alia, criminal possession of a forged instrument in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a forged instrument in the second degree (Penal Law § 170.25) and petit larceny (Penal Law § 155.25). Contrary to defendant's contention, the photo array from which two parole officers identified defendant was not unduly suggestive (*see, People v Thomas,* 272 AD2d 892, 894, *lv denied* 95 NY2d 858). In any event, the parole officers had previously supervised defendant's parole, and thus their identifications of defendant from the photo array were merely confirmatory (*see, People v Rodriguez,* 79 NY2d 445, 449-450). Defendant further contends that County Court erred in denying that part of his suppression motion with respect to the assistant store manager's identification of him from the photo array. Although that part of defendant's motion should have been granted based on a suggestive comment by a police officer, the assistant store manager did not identify defendant at trial, nor was evidence of his identification of defendant from the photo array introduced at trial, and thus the error did not contribute to defendant's conviction (*see, People v Wicks,* 76 NY2d 128, 134, *rearg denied* 76 NY2d 773).

The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant's face appears on the store surveillance videotape, defendant cashed a stolen check made payable to a person who was then incarcerated, and the owner of the check testified that the signature on the check was a forgery.

In view of defendant's long history of criminal conduct,

including defendant's convictions of five felonies and numerous other offenses prior to the instant offense, the court properly sentenced defendant as a persistent felony offender (*see,* Penal Law § 70.10). Contrary to the contention of defendant, the fact that the sentence imposed after trial was greater than that offered to defendant as part of a pretrial plea bargain does not establish that the court acted vindictively in sentencing him (*see, People v Pena,* 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). The sentence of a term of incarceration of 15 years to life, the minimum possible sentence for a persistent felony offender, is not unduly harsh or severe.

Defendant contends in the pro se supplemental brief that the People were required to indicate in the CPL 710.30 notice that the store clerk was unable to identify defendant from the photo array. That contention is without merit (*see, People v Heath,* 219 AD2d 804, *lv denied* 87 NY2d 902, 1020), as is the further contention of defendant that he was denied effective assistance of counsel (*see generally, People v Baldi,* 54 NY2d 137, 147). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Lawton, JJ.