■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FLEMINGS, Appellant. [774 NYS2d 804]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered November 2, 2000, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see*

*People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

However, the admission on the People's direct case of evidence of the defendant's conviction of attempted criminal sale of a controlled substance in the third degree which occurred in 1996 and his sentence of 3 to 6 years' imprisonment for that crime constituted reversible error. The defendant testified at the trial that the police planted the evidence against him and, in any event, the bag of cocaine in question was not his. Nevertheless, the trial court permitted the introduction of the evidence, over objection, on the ground that "it is a weight case."

The People were not required to prove knowledge of the weight (*see* Penal Law § 15.20 [4]). The evidence was therefore not relevant, but highly prejudicial (*see People v Nieves,* 207 AD2d 502, 503 [1994]; *People v Gregory,* 175 AD2d 878 [1991]), and "only served to establish the defendant's criminal propensities and divert the attention of the jury from the actual crime charged" (*People v Sims,* 195 AD2d 612, 613 [1993]).

The defendant's remaining contention need not be addressed in light of our determination. Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.