# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**388**
**KA 13-00959**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

EVERTON SMITH, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered April 9, 2013. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree and rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]) and rape in the third degree (§ 130.25 [2]).

Contrary to defendant's contention, County Court did not err in admitting in evidence the recording of the telephone conversation between defendant and the victim, together with a transcript of that conversation. The conversation was relevant, and the probative value outweighed any prejudice inasmuch as defendant's statements constitute an acknowledgment of guilt (*see generally People v Caban*, 14 NY3d 369, 374-375; *People v McCullough*, 117 AD3d 1415, 1416, *lv denied* 23 NY3d 1040). Defendant failed to preserve for our review his contention that the evidence violated his constitutional right to due process and a fair trial. In any event, we conclude that the contention is without merit.

We agree with defendant, however, that the court erred in admitting in evidence a video recording of the police interview of defendant. Defendant did not make any admissions during the 1½-hour interview, and the interviewing detective made references to alleged inculpatory evidence that was not admitted in evidence at trial. Although the court gave a limiting instruction that the jury was the sole factfinder and that it was to make its own credibility

determinations and to disregard the detective's statements that no one would believe defendant, we conclude that any probative value of the video recording " '[was] substantially outweighed by the danger that it [would] unfairly prejudice [defendant] or mislead the jury' " (*Caban*, 14 NY3d at 375, quoting *People v Scarola*, 71 NY2d 769, 777; *see People v Lunsford*, 244 AD2d 507, 507-508, *lv denied* 91 NY2d 927). We nevertheless further conclude that the error is harmless inasmuch as the evidence of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted if the video recording had not been admitted in evidence (*see People v Crimmins*, 36 NY2d 230, 241-242).

Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury, we conclude that the verdict is not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349; *see generally Bleakley*, 69 NY2d at 495). The victim testified to several specific incidents of rape between July 2007 and July 2008, when she was 12 years old, and to another incident when she was 16 years old. During a recorded telephone conversation with the victim, defendant made inculpatory statements. The victim asked defendant several times to promise that he would stop having sex with her, and he responded, "I will stop," and "I promised." When the victim stated that he had promised in the past that he would stop, defendant stated, "I'm serious now." Defendant told the victim during the telephone call to tell her mother that she had lied when she had accused defendant because the victim was angry with him for having a baby with another woman and therefore did not pay attention to the victim.

Defendant contends that the court failed to rule on the sufficiency of his prima facie showing that the People's exercise of a peremptory challenge was racially motivated. That contention is without merit inasmuch as "the sufficiency of the prima facie showing becomes moot" after the People offer, as they did here, a race-neutral explanation for the challenge (*People v Baxter*, 108 AD3d 1158, 1159 [internal quotation marks omitted]; *see People v Hecker*, 15 NY3d 625, 652). It is well established that the court's ultimate determination that there was no discriminatory intent is entitled to deference, and we see no need to disturb that determination here (*see People v Newman*, 71 AD3d 1509, 1509, *lv denied* 15 NY3d 754). We reject defendant's further contention that the court erred in granting the People's challenge for cause of a juror who provided an affirmative indication that she would be uncomfortable judging another person (*see generally People v Johnson*, 94 NY2d 600, 616). Defendant exhausted his peremptory challenges and therefore preserved for our review his contention that the court erred in denying his challenge for cause of a prospective juror (*see generally People v Thompson*, 21 NY3d 555, 560). That prospective juror stated that she had a cousin who had been sexually abused by her father and that she was "hypersensitive" about the subject. She also stated that she had not yet heard any

information and was therefore not "leaning one way or the other." Following questioning by the court whether she could be fair and unbiased, the prospective juror replied, "I believe I am. I'm a fair person in general terms." We conclude that, the juror's "statements here, taken in context and as a whole, were unequivocal" with respect to her ability to be fair and impartial (*People v Chambers*, 97 NY2d 417, 419; *see People v Odum*, 67 AD3d 1465, 1465, *lv denied* 14 NY3d 804, *reconsideration denied* 15 NY3d 755, *cert denied* ___ US ___, 131 S Ct 326).

Defendant contends that he was denied effective assistance of counsel based upon defense counsel's failure to consult with or call a medical expert to challenge the People's expert regarding child abuse accommodation syndrome. To the extent that defendant's contention involves matters that do not appear on the record, that contention must be raised by way of a CPL article 440 motion. To the extent that defendant's contention may be reviewed, we conclude that it is without merit. Defense counsel effectively cross-examined the People's expert, and his failure to call an expert witness does not constitute ineffective assistance of counsel where, as here, " '[d]efendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Kilbury*, 83 AD3d 1579, 1580, *lv denied* 17 NY3d 860).

The sentence is not unduly harsh or severe.

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court