■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE CLARK, Also Known as ARCHIE CLARKE, Appellant. [680 NYS2d 837] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 12, 1996, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 8 to 16 years, unanimously affirmed.

Defendant's claim that he was denied his right to be tried by a jury composed of New York residents requires preservation (*see, People v Cosmo*, 205 NY 91; *People v Mikell*, 183 AD2d 411, *lv denied* 80 NY2d 907), and we decline to review this claim in the interest of justice. In any event, we find that defendant expressly consented to the continued service of a juror who was in the process of moving to New Jersey and had not yet completed the move.

We perceive no abuse of sentencing discretion.

We adhere to our prior decision denying defendant's motion to enlarge the record. Concur—Lerner, P. J., Williams, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANDY MCALLISTER, Appellant. [682 NYS2d 129] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered April 1, 1996, convicting defendant, after a jury trial, of crimi-

nal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to an indeterminate term of 5 to 10 years imprisonment, unanimously affirmed.

Background testimony by the arresting officer regarding the mechanics of street level drug sales and the tactics of drug dealers was properly admitted (*People v Kelsey*, 194 AD2d 248, 252). Contrary to defendant's argument, the record reveals that the testimony was brief and limited and did not contain improper statistical evidence (*see, People v Vargas*, 213 AD2d 258, *lv denied* 86 NY2d 742). Unlike the extensive testimony found objectionable in *People v Colon* (238 AD2d 18, 20, *appeal dismissed* 92 NY2d 909), the testimony here provided no basis for the jury to speculate "that defendant was a member of a well-orchestrated conspiracy to traffic in narcotics." (*Supra*, at 20.)

Defendant failed to preserve his current claim that it was error to permit testimony about an uncharged drug sale without giving limiting instructions, and we decline to review it in the interest of justice.

Defendant failed to preserve his challenge to use of the language " 'with sufficient certainty to preclude a reasonable possibility of a mistake' " in its identification charge, and we decline to review it in the interest of justice. Were we to review this claim, we would find that while this language constitutes error, the error was harmless because the charge as a whole conveyed the proper legal standard (*People v Vasquez*, 181 AD2d 459, *lv denied* 79 NY2d 1055), in that the court repeatedly charged the standard of proof beyond a reasonable doubt with respect to both the People's burden of proof in general and with respect to the identification evidence in particular.

The court's response to a jury note asking if the testimony of one witness was sufficient to convict was correct in context.

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged portions of the summation were responsive to defendant's summation (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976), which contained attacks on both the credibility and accuracy of the police testimony. Concur—Lerner, P. J., Williams, Tom and Andrias, JJ.