■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS O'NEAL, Appellant. [832 NYS2d 727]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered March 8, 2004. The judgment convicted defendant, upon a jury verdict, of possession of an imitation controlled substance with intent to sell it.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed and the matter is remitted to Monroe County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of possession of an imitation controlled substance with intent to sell it (Public Health Law § 3383 [2]). Defendant contends that the evidence is legally insufficient to support the conviction because the substance was tested in the field by the arresting officer but no laboratory examination was conducted. We reject that contention. Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Conway*, 6 NY3d 869, 872 [2006]; *People v Williams*, 84 NY2d 925, 926 [1994]). The arresting officer testified that he conducted three field tests on the substance in defendant's possession and that the results of those tests were negative. Another witness testified that, just moments before defendant's arrest, defendant had tried to sell a similarly packaged baggie to him and had represented to him that the substance was cocaine. That witness, an addict who was familiar with the taste of cocaine and who had previously purchased imitation cocaine, testified that he had refused to complete the sale because he tasted the substance and had determined that it was not cocaine. Although defendant contends that the arresting officer tested a substance from a different baggie than the one rejected by the witness, the opinion of the witness was nevertheless probative with respect to the identity of the substance contained in the baggies found on defendant's person when defendant was arrested.

Defendant further contends that County Court erred in denying his motion for a mistrial on the ground that the court's *Molineux* ruling was violated during the cross-examination of a

prosecution witness. When defense counsel asked the witness whether defendant was "a man that you said on direct examination you'd seen several times in the neighborhood," the witness responded, "[a]nd dealt with," and the witness repeated that response when asked a similar question. Even assuming, arguendo, that the responses violated the court's *Molineux* ruling, we conclude that the court properly denied defendant's motion for a mistrial. Defendant declined the court's offer to issue a prompt curative instruction (*see People v Young*, 48 NY2d 995, 996 [1980], *rearg dismissed* 60 NY2d 644 [1983]; *People v Montgomery*, 293 AD2d 369, 371 [2002], *lv denied* 98 NY2d 712 [2002]; *People v Jackson*, 288 AD2d 52, 52-53 [2001], *lv denied* 97 NY2d 729 [2002]), and any prejudice that might have resulted was alleviated when the court struck the responses of the witness and thereafter charged the jury to ignore any stricken testimony during its deliberations. It is well settled that the jury is presumed to have followed the court's instructions (*see People v Iannone*, 2 AD3d 1283, 1284 [2003], *lv denied* 2 NY3d 741 [2004]). Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.