[997 NE2d 1232, 975 NYS2d 380]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE THOMPSON, JR., Appellant.

Argued September 3, 2013; decided October 10, 2013

## POINTS OF COUNSEL

*Jack H. Weiner*, Chatham, for appellant. I. The courts below erroneously rejected defendant's counsel's objection to the jury panel on the grounds that the panel did not reflect the racial diversity of Ulster County. (*People v Pettway*, 58 AD3d 944.) II. The trial court committed reversible error when the court denied the challenge for cause of potential Juror Farrell and juror No. 3, William Peters. (*People v Furey*, 18 NY3d 284; *People v Provenzano*, 50 NY2d 420; *People v Scott*, 16 NY3d 589; *People v Branch*, 46 NY2d 645; *People v Blyden*, 55 NY2d 73; *People v Lynch*, 95 NY2d 243; *People v Brown*, 61 AD3d 1427; *People v Turner*, 5 NY3d 476.) III. Community hostility prevented defendant from obtaining a fair trial. (*United States v Lord*, 565 F2d 831; *United States v Richardson*, 651 F2d 1251.) IV. The refusal of the court to recharge the jury on reasonable doubt—while

the jurors were distracted by the cell phone and text messaging of juror No. 2—is a violation of defendant's right to a fair trial. V. There is no evidence in the record that Thompson intended to cause serious physical injury to Ms. Johnson. (*People v Carroll*, 95 NY2d 375; *People v Cahill*, 2 NY3d 14.) VI. The failure of the prosecution to disclose the grand jury testimony of the ballistics expert and the change of testimony by the forensic expert in the midst of trial caused undue prejudice to Thompson in violation of article 240 of the Criminal Procedure Law. (*People v Copicotto*, 50 NY2d 222; *People v DaGata*, 86 NY2d 40; *People v Delaney*, 125 Misc 2d 928; *People v Lewis*, 262 AD2d 584; *People v Eldridge*, 222 AD2d 1109; *People v Singh*, 13 Misc 3d 1225[A], 2006 NY Slip Op 51988[U]; *People v Jorgensen*, 26 Misc 3d 1232[A], 2010 NY Slip Op 50348[U]; *People v Di Napoli*, 27 NY2d 229; *People v Montelbano*, 232 AD2d 255; *People v Santana*, 80 NY2d 92.) VII. Defendant's sentence was unduly harsh, and this Court should reduce it in the interests of justice.

*D. Holley Carnright, District Attorney*, Kingston (*Joan Gudesblatt Lamb* of counsel), for respondent. I. Defendant waived his challenge to the composition of the jury panel by failing to make a motion in writing prior to the commencement of jury selection and, as such, this claim is unpreserved for appellate review. (*People v Parks*, 41 NY2d 36; *People v Consolazio*, 40 NY2d 446; *People v Prim*, 40 NY2d 946; *People v Pettway*, 58 AD3d 944; *People v Williams*, 45 AD3d 905; *People v Pressley*, 234 AD2d 954; *People v Adams*, 179 AD2d 764; *Duren v Missouri*, 439 US 357; *People v Guzman*, 60 NY2d 403, 466 US 951; *People v Gilchrist*, 98 AD3d 1232.) II. The trial court did not abuse its discretion as a matter of law when it denied defendant's challenge for cause to prospective Juror Farrell and to juror No. 3, William Peters. (*People v Furey*, 18 NY3d 284; *People v Branch*, 46 NY2d 645; *People v Rentz*, 67 NY2d 829; *People v Clark*, 125 AD2d 868; *People v Scott*, 16 NY3d 589; *People v Smith*, 52 AD3d 847; *People v Provenzano*, 50 NY2d 420; *People v Colon*, 71 NY2d 410, 487 US 1239; *People v Molano*, 70 AD3d 1172, 15 NY3d 776; *People v Duffy*, 124 AD2d 258.) III. Defendant was not deprived of a fair trial as a result of a juror's disclosure that she saw a domestic violence poster containing the victim's name and date of death while the trial was ongoing, as the court took adequate steps to insure that the juror was not grossly unqualified to serve. (*People v Hicks*, 6 NY3d 737; *People v Torres*, 80 NY2d 944; *People v Kelly*, 5 NY3d 116; *People v Nettles*, 88 AD3d 492, 18 NY3d 861; *People v Johnson*, 83 AD3d 1094, 17 NY3d 818; *People v Cecunjanin*, 67 AD3d 1072, 16 NY3d 480; *People v Genovese*, 10 NY2d 478; *People v Rodriguez*, 71 NY2d 214;

*People v Guy*, 93 AD3d 877, 19 NY3d 961; *People v Elias*, 90 AD3d 947, 18 NY3d 923.) IV. The trial court did not err by refusing to reread the entire reasonable doubt charge to the jury, which was briefly interrupted when a juror's cell phone rang. (*People v Heide*, 84 NY2d 943; *People v Tardbania*, 72 NY2d 852; *People v Medina*, 53 NY2d 951; *People v Santiago*, 52 NY2d 865; *People v Davis*, 58 NY2d 1102; *People v Williams*, 46 NY2d 1070; *People v Craig*, 293 AD2d 351; *People v King*, 277 AD2d 708.) V. Defendant's contention that his manslaughter in the first degree conviction was based upon legally insufficient evidence is unpreserved for appellate review and beyond the review power of the Court of Appeals. His claim that the verdict was against the weight of the evidence is also beyond this Court's power of review. (*People v Payne*, 3 NY3d 266; *People v Hawkins*, 11 NY3d 484; *People v Parker*, 29 AD3d 1161; 7 NY3d 907; *People v Finger*, 95 NY2d 894; *People v Bynum*, 70 NY2d 858; *People v Stahl*, 53 NY2d 1048; *People v Cona*, 49 NY2d 26; *People v Gray*, 86 NY2d 10; *People v Carncross*, 14 NY3d 319; *People v Hines*, 97 NY2d 56.) VI. As the Appellate Division properly determined, Supreme Court did not err by refusing to compel pretrial disclosure of the grand jury testimony of the People's ballistics expert, and defendant's challenge to the testimony of the People's forensic pathologist is unpreserved for appellate review as a matter of law given his failure to object to the pathologist's testimony concerning the abrasions on the victim's left temple. (*People v Delaney*, 125 Misc 2d 928; *People v Rosario*, 9 NY2d 286; *Matter of Miller v Schwartz*, 72 NY2d 869; *People v DaGata*, 86 NY2d 40; *People v Copicotto*, 50 NY2d 222; *Matter of Constantine v Leto*, 157 AD2d 376, 77 NY2d 975; *People v Colavito*, 87 NY2d 423; *Matter of Briggs v Halloran*, 12 AD3d 1016; *Matter of Sacket v Bartlett*, 241 AD2d 97; *People v Montelbano*, 232 AD2d 255, 89 NY2d 944.) VII. Defendant's claim that Supreme Court's imposition of a determinate 25-year sentence following his conviction of manslaughter in the first degree was unduly harsh and excessive and should be reduced in the interest of justice is beyond the review powers of this Court. (*People v Baumann & Sons Buses, Inc.*, 6 NY3d 404; *People v Payne*, 3 NY3d 266; *People v Discala*, 45 NY2d 38; *People v Rytel*, 284 NY 242; *People v Gittelson*, 18 NY2d 427.)

## OPINION OF THE COURT

SMITH, J.

We hold that a failure to exercise a peremptory challenge against a juror who was a longtime friend of the prosecuting attorney did not amount to ineffective assistance of counsel.

Defendant was charged with murder for shooting his girl-friend. The District Attorney of Ulster County tried the case personally. During voir dire, a prospective juror, whom we will call William Peters, volunteered that he had been "a friend" of the District Attorney "for forty plus years." In response to the court's question, Peters said that the relationship would not in any way affect his "ability to be a fair and impartial juror." Later, Peters disclosed that he was on a first-name basis with the District Attorney, knew his wife and socialized with him "[o]ccasionally." In response to a question from defense counsel, he also said of the District Attorney: "I've known him to be wrong before."

Defense counsel challenged Peters for cause. The trial court denied the challenge, and the defense lawyer, though he had peremptory challenges available, chose not to use one on this panelist. Peters was selected for, and sat on, the jury, which acquitted defendant of second degree murder but convicted him of the lesser included offense of manslaughter. The Appellate Division affirmed (*People v Thompson*, 92 AD3d 1139 [3d Dept 2012]), and a Judge of this Court granted leave to appeal (19 NY3d 977 [2012]). We now affirm.

While defendant raises many arguments on appeal, we think that the only one requiring discussion is that his trial counsel was ineffective for failing to use a peremptory challenge to remove Peters from the jury. Defendant criticizes some of defense counsel's other decisions, but we find those criticisms to be ill-founded. Counsel's overall performance at trial was competent. Indeed, considering the evidence in the case—the victim had two bullet wounds, and defendant's claim that he shot her accidentally was contradicted both by eyewitness testimony and by forensic evidence—a verdict of manslaughter, rather than murder, seems something of an achievement.

Thus, defendant can prevail on his ineffective assistance claim only by showing that this is one of those very rare cases in which a single error by otherwise competent counsel was so serious that it deprived defendant of his constitutional right (*see People v Turner*, 5 NY3d 476, 478 [2005]). We held in *Turner* that this had occurred where a lawyer overlooked "a defense as clear-cut and completely dispositive as a statute of limitations" (*id.* at 481). The mistake that defendant accuses defense counsel of making here was not of that magnitude.

It could be argued that counsel's decision not to use a peremptory challenge on Peters was a mistake for two reasons: because Peters, as a juror, would be biased in the prosecution's favor; and because, by not using a peremptory challenge to excuse him, counsel failed to preserve for appeal any claim that the court erred in rejecting the for-cause challenge. We consider those arguments separately.

■ The first argument is a weak one, because defense counsel may reasonably have thought Peters an acceptable juror from the defense point of view. Defense counsel may have liked Peters's demeanor, or may have believed that his relationship with the prosecutor would make him bend over backwards to be fair. Of course, to refrain from challenging an old friend of the prosecutor's was an unconventional, perhaps risky choice—defense counsel clearly knew that, for he mused aloud after making the decision "I should have my head examined"—but lawyers selecting juries are not ineffective because they make unconventional choices or play hunches. And, in any event, an ineffective assistance claim cannot succeed without a showing that the fairness of the trial was impaired (*People v Stultz*, 2 NY3d 277, 283-284 [2004]; *People v Benevento*, 91 NY2d 708, 713 [1998]). The record here provides no basis for concluding that Peters's presence on the jury prejudiced defendant (*see People v Turck*, 305 AD2d 1072, 1073 [4th Dept 2003]; *People v Driscoll*, 251 AD2d 759, 761 [3d Dept 1998]; *People v Thomas*, 244 AD2d 271 [1st Dept 1997]).

The second argument—that counsel erred by failing to preserve the issue of the for-cause challenge for appeal—gives us somewhat more pause. The trial court's decision to deny the challenge for cause may have been error (*see People v Branch*, 46 NY2d 645 [1979] [error to deny challenge to a prospective juror who had both a professional and personal relationship with the prosecutor]). Counsel's choice not to exercise a peremptory challenge deprived defendant of the opportunity to make that argument on appeal; under CPL 270.20 (2), where a defendant has not exhausted his peremptory challenges, a denial of a challenge for cause "does not constitute reversible error unless the defendant . . . peremptorily challenges such prospective juror." Considering the poor odds of acquittal that defendant was facing, it is hard to see how keeping a particular juror—no matter how strong defense counsel's hunch that he would be favorable—could justify the loss of a significant appellate argument.

■ We conclude, however, that counsel's mistake, if it was one, was not the sort of "egregious and prejudicial" error that amounts to a deprivation of the constitutional right to counsel (*People v Caban*, 5 NY3d 143, 152 [2005]). The issue of the for-cause challenge was not, in the words of *Turner*, "clear-cut and completely dispositive." The record shows that Peters and the prosecutor had a long relationship that Peters described as a friendship, but we do not know how intimate they were or how often they socialized. Peters did not, as the prospective juror in *Branch* did, have a professional relationship with the prosecutor as well as a personal one. Unquestionably, it would have been wiser for the trial judge to excuse Peters—thus, at worst, replacing one impartial juror with another (*see Branch*, 46 NY2d at 651; *People v Scott*, 16 NY3d 589, 595 [2011]; *People v Blyden*, 55 NY2d 73, 78 [1982]). But whether the court committed reversible error is debatable. While defense counsel's decision not to use a peremptory challenge on Peters was questionable, we cannot say that it rendered his representation of defendant as a whole ineffective.

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order affirmed.