# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**857**

**KA 14-00695**

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

PAUL S. TURLEY, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

PAUL S. TURLEY, DEFENDANT-APPELLANT PRO SE.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Sara S. Farkas, J.), rendered May 10, 2013. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, course of sexual conduct against a child in the second degree and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]), course of sexual conduct against a child in the second degree (§ 130.80 [1] [a]), and sexual abuse in the first degree (§ 130.65 [1]).

Contrary to defendant's contention, viewing the evidence in light of the elements of the crimes as charged to the jury, we conclude that the verdict is not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 349; *see generally People v Bleakley*, 69 NY2d 490, 495). The victims testified to specific details about defendant's multiple acts of sexual conduct with them between August 1996 and June 1998, when they were between the ages of five and seven years old. One of the victims also testified to an act of sexual abuse by defendant when she was 12 years old. During a recorded telephone conversation with one of the victims, defendant made inculpatory statements (*see People v Smith*, 126 AD3d 1528, 1529). When that victim asked defendant about why he sexually abused her, defendant responded, inter alia, that "I was misguided in thinking that it was something you wanted," and that "I know it was wrong, and

I was trying to show you love in a way that you shouldn't have been shown."

We reject defendant's contention that he was denied effective assistance of counsel inasmuch as defense counsel's conduct did not constitute " 'egregious and prejudicial' error such that defendant did not receive a fair trial" (*People v Benevento*, 91 NY2d 708, 713). Defendant contends that he was denied effective assistance of counsel because defense counsel arguably opened the door to allow the People to present evidence that the testimony of one of the victims had not been tailored to come within the statute of limitations. That contention is without merit inasmuch as the prosecutor did not present any inculpatory evidence as a result of defense counsel's questions. In any event, County Court provided the jury with a curative instruction that required the jury not to speculate with respect to matters that occurred outside of the time frame set forth in the indictment. Inasmuch as the jury is presumed to have followed the court's curative instruction, we conclude that the curative instruction sufficiently alleviated any prejudice to defendant (*see People v O'Neal*, 38 AD3d 1305, 1307, *lv denied* 9 NY3d 848; *People v Ware*, 28 AD3d 1124, 1125, *lv denied* 7 NY3d 852). Defendant further contends that he was prejudiced by defense counsel's statement on summation that one of the witnesses, who is not listed as a victim in the indictment, "didn't say she was abused." We reject that contention inasmuch as the court sustained the prosecutor's timely objection and, after argument at the bench outside of the presence of the jury, struck defense counsel's statement from the record. Furthermore, after summations, the court granted the prosecutor's request for a curative instruction ordering the jury not to speculate about what may have happened to people other than the two victims listed in the indictment. The jury is presumed to have followed that curative instruction as well, thereby alleviating any prejudice to defendant (*see O'Neal*, 38 AD3d at 1307; *Ware*, 28 AD3d at 1125).

Defendant further contends that defense counsel was ineffective for advising him to abscond on the ground that he would not receive a fair trial. The facts upon which that contention is based are outside of the record on appeal, and the contention "must therefore be raised by way of a motion pursuant to CPL article 440 or an application seeking other [postconviction] relief" (*People v Washington*, 122 AD3d 1406, 1406; *see People v Ocasio*, 81 AD3d 1469, 1470, *lv denied* 16 NY3d 898, *cert denied* ___ US ___, 132 S Ct 318). We reject defendant's further contention that defense counsel's failure to file a motion to set aside the verdict constitutes ineffective assistance of counsel inasmuch as defendant failed to "establish that the motion, if made, would have been successful" (*People v Peterson*, 19 AD3d 1015, 1016, *lv denied* 6 NY3d 851). We have reviewed the remaining instances of alleged ineffective assistance of counsel raised by defendant and conclude that he received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

We reject the contention raised in defendant's pro se supplemental brief that the indictment was unconstitutionally vague because the counts for course of sexual conduct in the first and

second degree failed to provide fair notice of when the offending conduct occurred.  We conclude that the indictment was sufficiently specific inasmuch as "[t]he period of [less than] two years alleged in the indictment was sufficient to give defendant adequate notice of the charges to enable him to prepare a defense, to ensure that the crimes for which he was tried were in fact the crimes with which he was charged, and to protect [his] right not to be twice placed in jeopardy for the same conduct" (*People v McLoud*, 291 AD2d 867, 868, *lv denied* 98 NY2d 678 [internal quotation marks omitted]).

Contrary to defendant's further contention in his pro se supplemental brief, count one of the indictment for course of sexual conduct against a child (Penal Law § 130.75 [1] [a]) is not time-barred by the statute of limitations set forth in CPL 30.10 (3) (f).  The charges in the indictment occurred between August 1996 and 1998, not 1994 as alleged by defendant.  The trial testimony of the victims established that the crimes occurred during the period set forth in the indictment, and there is no evidence that the victims lied with respect thereto.

Defendant further contends in his pro se supplemental brief that he was denied a fair trial with an impartial jury.  During the trial, the court observed that "there were just some jurors perhaps out in the rotunda" in the vicinity of lawyers who may have been talking to a camera operator working for the press.  The court responded by issuing a "gag order," stating "no more contact between lawyers and the press . . ."  Defendant's contention that the court should have conducted a voir dire in response to its observations is not properly raised on this appeal inasmuch as that contention raises matters outside the record concerning what a voir dire would have revealed (*see generally People v Piermont*, 180 AD2d 830, 830, *lv denied* 79 NY2d 1006; *People v Robinson*, 159 AD2d 598, 598).  The issue is thus outside the record and "must therefore be raised by way of a motion pursuant to CPL article 440 or an application seeking other [postconviction] relief" (*Washington*, 122 AD3d at 1406).

Defendant also contends in his pro se supplemental brief that he was denied a fair trial because one of the jurors revealed that she often stayed overnight in Genesee County, but that she still slept at her legal address in Niagara County several nights per week.  We conclude that such objection to the juror was waived inasmuch as defendant did not move to remove the juror on that ground (*see* CPL 470.05 [2]; *People v Clark*, 255 AD2d 241, 241, *lv denied* 93 NY2d 898; *see also People v Cosmo*, 205 NY 91, 100-101).

Finally, the sentence is not unduly harsh or severe.

Entered:  July 10, 2015                      Frances E. Cafarell
                                             Clerk of the Court