People v Meyers (2020 NY Slip Op 02419)





People v Meyers


2020 NY Slip Op 02419


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


361 KA 18-00574

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
IRYN B. MEYERS, DEFENDANT-APPELLANT.






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
IRYN B. MEYERS, DEFENDANT-APPELLANT PRO SE.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered October 18, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, arson in the first degree (two counts), falsifying business records in the first degree, attempted insurance fraud in the second degree, insurance fraud in the fifth degree and conspiracy in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating that part of the sentence ordering restitution and as modified the judgment is affirmed and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, two counts of arson in the first degree (Penal Law § 150.20 [1] [a] [i], [ii]) and one count of murder in the second degree (§ 125.25 [3]), arising from her involvement with a fire at a home upon which she had property insurance that killed a man (victim) for whom she was the beneficiary on a life insurance policy.
Defendant contends in her main brief that she was denied effective assistance of counsel. We reject that contention. "Where, as here, a defendant contends that he or she was denied the right to effective assistance of counsel guaranteed by both the Federal and New York State Constitutions, we evaluate the claim using the state standard, which affords greater protection than its federal counterpart" (People v Conway, 148 AD3d 1739, 1741 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]; see People v Stultz, 2 NY3d 277, 282 [2004], rearg denied 3 NY3d 702 [2004]). Under the state standard, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (People v Baldi, 54 NY2d 137, 147 [1981]; see People v Benevento, 91 NY2d 708, 712 [1998]). A "defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged failure" (People v Pavone, 26 NY3d 629, 646 [2015]; see People v Barboni, 21 NY3d 393, 405-406 [2013]; People v Caban, 5 NY3d 143, 152 [2005]). "However, a reviewing court must be careful not to second-guess' counsel, or assess counsel's performance with the clarity of hindsight,' effectively substituting its own judgment of the best approach to a given case" (Pavone, 26 NY3d at 647, quoting Benevento, 91 NY2d at 712; see People v Parson, 27 NY3d 1107, 1108 [2016]).
Contrary to defendant's contention, she was not denied effective assistance of counsel by the decision of her first defense counsel (first counsel) to withdraw a request for a Huntley hearing. It is well settled that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of [*2]success' " (Caban, 5 NY3d at 152) and, here, defendant failed to show that a Huntley hearing would have resulted in the suppression of her statements to the fire and police investigators (see People v Burns, 122 AD3d 1435, 1436-1437 [4th Dept 2014], lv denied 26 NY3d 927 [2015]). To the contrary, the record establishes that first counsel's decision was based upon "a reasonable conclusion . . . that there [was] no colorable basis for a hearing" (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Blair, 45 AD3d 1443, 1445 [4th Dept 2007], lv denied 10 NY3d 838 [2008]). Similarly, contrary to defendant's further contention, she was not denied effective assistance when neither first counsel nor the defense counsel who represented defendant at trial (trial counsel) challenged the search warrants that were obtained on the basis of defendant's statements (see People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]; see generally Caban, 5 NY3d at 152).
We reject defendant's contention that first counsel and trial counsel were ineffective in failing to request a Frye hearing with respect to the admission of expert testimony regarding cell phone tracking and GPS evidence. The testimony of the People's expert " did not concern a novel scientific theory, technique, or procedure, but instead involved deductions made from cell phone site data in a manner consistent with a generally accepted scientific process' " (People v Clayton, 175 AD3d 963, 967-968 [4th Dept 2019]) and, thus, a request for a Frye hearing had " little or no chance of success' " (Caban, 5 NY3d at 152; see People v Wallace, 60 AD3d 1268, 1270-1271 [4th Dept 2009], lv denied 12 NY3d 922 [2009]; see generally People v Brooks, 31 NY3d 939, 941 [2018]). Defendant's related contention that first counsel and trial counsel should have challenged the admissibility of cell phone data contained in service provider records as violating defendant's right to confrontation is without merit inasmuch as the records were not testimonial (see People v Santiago, 143 AD3d 545, 546 [1st Dept 2016], lv denied 28 NY3d 1127 [2016]; see generally People v Pealer, 20 NY3d 447, 453 [2013], rearg denied 24 NY3d 993 [2014], cert denied 571 US 846 [2013]).
Defendant further asserts that she was denied effective assistance of counsel because trial counsel opened the door to allow the People to present testimony on redirect examination of a police investigator that defendant had taken a polygraph test. We conclude, however, that trial counsel's conduct did not constitute " egregious and prejudicial' error such that defendant did not receive a fair trial" (Benevento, 91 NY2d at 713; see People v Turley, 130 AD3d 1574, 1575-1576 [4th Dept 2015], lv denied 26 NY3d 972 [2015], reconsideration denied 26 NY3d 1093 [2015]). The testimony elicited on redirect examination of the police investigator was not inculpatory and, in any event, County Court provided the jury a curative instruction that polygraph evidence was not admissible and could not be considered as a basis for any inference—favorable or unfavorable—in relation to guilt, innocence, or credibility. Inasmuch as the jury is presumed to have followed the court's curative instruction, we conclude that "the curative instruction sufficiently alleviated any prejudice to defendant" (Turley, 130 AD3d at 1576).
Defendant further contends that trial counsel was ineffective for failing to object to remarks by the prosecutor on summation that purportedly shifted the burden of proof. That contention is without merit. We conclude upon our review of the record that "[t]he prosecutor's remarks . . . were within the broad bounds of rhetorical comment permissible during summations and did not shift the burden of proof" (People v Rivera, 133 AD3d 1255, 1256 [4th Dept 2015], lv denied 27 NY3d 1154 [2016] [internal quotation marks omitted]). Thus, trial counsel's failure to object to those remarks does not constitute ineffective assistance of counsel (see People v Eckerd, 161 AD3d 1508, 1509 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]).
To the extent that first counsel and trial counsel erred in failing to obtain and provide Rosario material to the People, which ultimately resulted in the court granting the People's request for an adverse inference charge to the jury, we conclude that the error was not "sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (Caban, 5 NY3d at 152; see People v Hurst, 113 AD3d 1119, 1121 [4th Dept 2014], lv denied 22 NY3d 1199 [2014]).
Defendant further contends that trial counsel was ineffective in failing to pursue additional relief after it was determined that a complete transcript of the codefendant's recently-concluded trial, which included the testimony of the People's fire investigator witnesses, was unavailable. That contention lacks merit. Trial counsel had no basis to argue that the People [*3]committed a Rosario violation inasmuch as the People had no immediate access to the untranscribed portions of the fire investigators' prior testimony and therefore could not be held responsible for a failure to turn them over to defendant (see People v Fishman, 72 NY2d 884, 886 [1988]). Moreover, even in the absence of a complete transcript of that prior testimony, the record establishes that trial counsel "effectively cross-examined the [fire investigators] and raised certain areas of possible doubt arising from their testimony" (People v Flores, 83 AD3d 1460, 1461 [4th Dept 2011], affd 19 NY3d 881 [2012]). Contrary to defendant's related contention in her pro se supplemental brief, the record further establishes that trial counsel effectively referenced and used nationally recognized standards of fire investigation published in the National Fire Protection Association 921 Guide for Fire and Explosion Investigations during cross-examination of the fire investigators and in presenting the testimony of defendant's own expert (cf. People v Casey, 133 AD3d 1236, 1238 [4th Dept 2015]). Defendant's "[s]peculation that a more vigorous cross-examination might have [undermined the credibility of the fire investigators] does not establish ineffectiveness of counsel" (People v Adams, 247 AD2d 819, 819 [4th Dept 1998], lv denied 91 NY2d 1004 [1998]; see People v Bassett, 55 AD3d 1434, 1438 [4th Dept 2008], lv denied 11 NY3d 922 [2009]).
Defendant contends in her main brief that the court should have granted her motion to withdraw her waiver of the Huntley hearing and held such a hearing. We reject that contention inasmuch as "[t]he record establishes that the waiver was made knowingly, voluntarily, and intelligently" (People v Sinkler, 112 AD3d 1359, 1361 [4th Dept 2013], lv denied 22 NY3d 1159 [2014]).
Defendant also contends in her main brief that she was deprived of her constitutional right to present a defense at trial when the court precluded her from challenging the voluntariness of her various statements on the ground that she did not sufficiently understand English. Even assuming, arguendo, that the court's preclusion ruling was in error (see generally People v Jin Cheng Lin, 26 NY3d 701, 718-719, 727-728 [2016]), we conclude that the error is harmless inasmuch as the evidence of guilt is overwhelming and "there is no reasonable possibility that the error might have contributed to defendant's conviction" (People v Crimmins, 36 NY2d 230, 237 [1975]). We note in particular that the parties fully litigated the issue of defendant's understanding of English during a pretrial hearing on defendant's request for an interpreter and the evidence presented therein—which presumably would also have been presented at trial if the court had permitted defendant to challenge the voluntariness of her statements on the ground that she did not sufficiently understand English—established that defendant was proficient in and understood English.
Defendant contends in her pro se supplemental brief that the court improperly admitted in evidence statements that the nontestifying codefendant made to a police investigator in violation of her Sixth Amendment right of confrontation. Even assuming, arguendo, that defendant preserved for our review her contention, which is based on the alleged violation of Bruton v United States (391 US 123 [1968]) and the purported improper admission of testimonial hearsay, we conclude that any error is harmless. "Trial errors resulting in violation of a criminal defendant's Sixth Amendment right to confrontation are considered harmless when, in light of the totality of the evidence, there is no reasonable possibility that the error affected the jury's verdict' " (People v Porco, 17 NY3d 877, 878 [2011]; see People v Astacio, 105 AD3d 1394, 1396 [4th Dept 2013], lv denied 22 NY3d 1154 [2014]; see generally Crimmins, 36 NY2d at 237). Here, there was overwhelming direct and circumstantial evidence of defendant's guilt, including her own statements that linked her to the crimes and were largely cumulative of the codefendant's statements, and there is no reasonable possibility that the purported error affected the jury's verdict (see Astacio, 105 AD3d at 1396; People v McNerney, 6 AD3d 1107, 1108 [4th Dept 2004], lv denied 3 NY3d 678 [2004]; cf. People v Johnson, 27 NY3d 60, 73-74 [2016]; see also People v Goodbread, 127 AD3d 1106, 1107 [2d Dept 2015], lv denied 27 NY3d 965 [2016]).
Contrary to defendant's contention in her pro se supplemental brief, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that a different verdict would have been unreasonable and thus that the verdict is not against the weight of the evidence (see People v Robinson, 174 AD3d 1490, 1492 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention in her main brief that the court erred in ordering her to pay restitution without a hearing is not preserved for our review inasmuch as defendant "did not request a hearing to determine the [proper amount of restitution] or otherwise challenge the amount of the restitution order during the sentencing proceeding" (People v Horne, 97 NY2d 404, 414 n 3 [2002]; see People v Jones, 108 AD3d 1206, 1207 [4th Dept 2013], lv denied 22 NY3d 997 [2013]). We nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). Moreover, even assuming, arguendo, that defendant's further challenge to the court's purported failure to direct restitution to an appropriate person or entity (see Penal Law § 60.27 [4] [b]) required preservation under these circumstances (see People v Graves, 163 AD3d 16, 25 [4th Dept 2018]), we likewise exercise our power to reach that unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]). As the People correctly concede, the record does not contain sufficient evidence to establish the amount of restitution imposed, nor does it establish the recipient of the restitution (see Penal Law § 60.27 [1], [2], [4] [b]). We therefore modify the judgment by vacating that part of the sentence ordering restitution, and we remit the matter to County Court for a hearing to determine restitution in compliance with Penal Law § 60.27.
Finally, contrary to defendant's contention in her main brief, the sentence imposing concurrent terms of incarceration is not unduly
harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court