People v Piasta (2022 NY Slip Op 04243)

People v Piasta

2022 NY Slip Op 04243

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

364 KA 20-00070

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. PIASTA, JR., ALSO KNOWN AS MICHAEL JEROME PIASTA, JR., ALSO KNOWN AS MICHAEL PIASTA, ALSO KNOWN AS MICHAEL JEROME PIASTA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH NANCY FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered July 12, 2019. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, grand larceny in the third degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law § 160.10 [2] [b]), grand larceny in the third degree (§ 155.35 [1]), and criminal possession of a weapon in the third degree (§ 265.02 [1]), arising from a gunpoint robbery of a fast food restaurant. In appeal No. 2, defendant appeals from an order that, inter alia, set the amount of restitution following a separate restitution hearing.
Defendant contends in appeal No. 1 that defense counsel was ineffective for failing either to preserve for appellate review the issue of the denial of his for-cause challenge to a prospective juror or to exercise a peremptory challenge to remove that prospective juror. We reject that contention.
"[J]ury selection involves the 'quintessentially tactical decision' of whether defendant's interests would be assisted or harmed by a particular juror" (People v Molano, 70 AD3d 1172, 1176 [3d Dept 2010], lv denied 15 NY3d 776 [2010]; see People v Anderson, 113 AD3d 1102, 1103 [4th Dept 2014], lv denied 22 NY3d 1196 [2014]; People v Cordova-Diaz, 55 AD3d 360, 361 [1st Dept 2008], lv denied 12 NY3d 782 [2009]). "To prevail on an ineffective assistance claim, a defendant must 'demonstrate the absence of strategic or other legitimate explanations'—i.e., those that would be consistent with the decisions of a 'reasonably competent attorney'—for the alleged deficiencies of counsel" (People v Maffei, 35 NY3d 264, 269 [2020]). "[A]lthough there may be some cases in which the trial record is sufficient to permit a defendant to bring an ineffective assistance of counsel claim on direct appeal . . . , 'in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10' " (id. at 269-270). "That is especially true as to ineffective assistance of counsel claims based on the defense's acceptance of a prospective juror. Counsel's decisions during jury selection may be based on a myriad of factors, including not only the prospective jurors' statements or actions reflected in the record, but also matters dehors the record on the direct appeal" (id. at 270). Additionally, where, as here, the claim is based on one alleged misstep during jury selection, "defendant can prevail on his ineffective assistance claim [*2]only by showing that this is one of those very rare cases in which a single error by otherwise competent counsel was so serious that it deprived defendant of his constitutional right" (People v Thompson, 21 NY3d 555, 559 [2013]).
Here, defense counsel was not ineffective for failing to preserve for appellate review the issue of the for-cause challenge to the prospective juror, who had been a victim of an unsolved home burglary 30 years earlier (see id. at 560-561). Upon questioning by the prosecutor and defense counsel during voir dire, the prospective juror twice confirmed that he thought he would be able to set aside his past experience with the burglary of his home and be fair and impartial in this case. Contrary to defendant's suggestion, " '[t]hink' . . . is not a talismanic word that automatically makes a statement equivocal" (People v Chambers, 97 NY2d 417, 419 [2002]). The record here shows that the prospective juror's statements, "taken in context and as a whole, were unequivocal" (id.). That includes the prospective juror's final comment to defense counsel that being the victim of a crime "leaves a bad taste in your mouth." Read in the context of defense counsel's questioning, that comment merely provided further explanation for why the prospective juror initially acknowledged that his experience "could" affect his impartiality—i.e., because such an experience stays with one—but later clarified that he thought he would, indeed, be able to set that experience aside and be impartial. County Court thus properly denied defense counsel's for-cause challenge to the prospective juror, and it cannot be said that defense counsel was ineffective for failing to preserve that issue for appellate review inasmuch as it would have had little or no chance of success on appeal (see People v Griffin, 203 AD3d 1608, 1610 [4th Dept 2022], lv denied 38 NY3d 1008 [2022]; see generally People v Caban, 5 NY3d 143, 152 [2005]). In any event, even assuming, arguendo, that the court's decision to deny the for-cause challenge may have been erroneous, "[t]he issue of the for-cause challenge was not . . . 'clear-cut and completely dispositive,' " and thus "[defense] counsel's mistake, if it was one, was not the sort of 'egregious and prejudicial' error that amounts to a deprivation of the constitutional right to counsel" (Thompson, 21 NY3d at 561).
Defendant has also " 'failed to establish that defense counsel lacked a legitimate strategy in choosing not to [peremptorily] challenge th[e] prospective juror[]' " (People v Carpenter, 187 AD3d 1556, 1557 [4th Dept 2020], lv denied 36 NY3d 970 [2020]; see Maffei, 35 NY3d at 265-274; People v Barboni, 21 NY3d 393, 406-407 [2013]; People v Barksdale, 191 AD3d 1370, 1371 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]). The record shows that, after using two peremptory challenges to strike members of the first panel, defense counsel asked the court if he "could just have a moment" because "[w]e are still thinking something over" and thereafter informed the court that, "at this time," the defense would be using just the two peremptory challenges. Inasmuch as the record is silent as to what was discussed between defense counsel and defendant during the requested brief pause, or how any such conversation may have affected defense counsel's decision to abstain from exercising a peremptory challenge to remove the prospective juror, the record on direct appeal cannot establish defendant's ineffective assistance claim in that regard (see Maffei, 35 NY3d at 272). Not only is this record silent concerning what, if anything, defendant conveyed to defense counsel regarding the prospective juror, but the voir dire record as a whole is also "inadequate to support anything more than second-guessing the reasonableness of [defense] counsel's decision" to abstain from using a peremptory challenge on the prospective juror (id. at 273). Indeed, the prospective juror was only the fifth seated juror from the first panel and, therefore, despite his unsuccessful for-cause challenge, defense counsel "could reasonably have made the strategic decision to conserve limited remaining peremptory challenges for prospective jurors whose impartiality was less certain" (People v Horton, 181 AD3d 986, 998 [3d Dept 2020], lv denied 35 NY3d 1045 [2020]). Thus, the record here does not establish defendant's claim of ineffective assistance and, to the extent that defendant's contention depends on matters outside the record on direct appeal, "the appropriate procedure for the litigation of defendant's challenge to [defense] counsel's performance is a CPL 440.10 motion" (Maffei, 35 NY3d at 266; see Barksdale, 191 AD3d at 1371; Carpenter, 187 AD3d at 1557).
Defendant next contends in appeal No. 1 that the evidence is legally insufficient to establish his identity as the perpetrator of the offenses. We reject that contention. "Legal sufficiency review requires that we view the evidence in the light most favorable to the prosecution, and, when deciding whether a jury could logically conclude that the prosecution sustained its burden of proof, [w]e must assume that the jury credited the People's witnesses and gave the prosecution's evidence the full weight it might reasonably be accorded" (People v Allen, [*3]36 NY3d 1033, 1034 [2021] [internal quotation marks omitted]; see People v Hampton, 21 NY3d 277, 287-288 [2013]; People v Delamota, 18 NY3d 107, 113 [2011]). Viewed in that light, we conclude that the direct and circumstantial evidence is legally sufficient to establish defendant's identity as the perpetrator of the offenses (see People v Brown, 204 AD3d 1390, 1392 [4th Dept 2022]; People v Howe, 267 AD2d 601, 601-602 [3d Dept 1999], lv denied 94 NY2d 921 [2000]; see also People v Cascio, 79 AD3d 1809, 1810 [4th Dept 2010], lv denied 16 NY3d 893 [2011]).
Defendant also contends in appeal No. 1 that the evidence is legally insufficient to support the grand larceny conviction on the ground that the People failed to prove that the amount of money taken exceeded $3,000. Defendant failed to preserve that contention for our review, however, because his motion for a trial order of dismissal was not specifically directed at that alleged insufficiency (see People v Gray, 86 NY2d 10, 19 [1995]; People v Slack, 137 AD3d 1568, 1569 [4th Dept 2016], lv denied 27 NY3d 1139 [2016]). In any event, defendant's contention lacks merit. While "[a] conclusory statement" or "a 'rough estimate' without evidence of its basis" is insufficient (People v Gonzalez, 221 AD2d 203, 204 [1st Dept 1995]), "[i]n determining the value of stolen property, the jury need only have a reasonable, rather than speculative, basis for inferring that the value exceeded the statutory requirement" (People v Butcher, 192 AD3d 1196, 1198 [3d Dept 2021], lv denied 36 NY3d 1118 [2021] [internal quotation marks omitted]; see People v Geroyianis, 96 AD3d 1641, 1644-1645 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012]). In that regard, "a victim must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value" (People v Lopez, 79 NY2d 402, 404 [1992]; see Slack, 137 AD3d at 1569). Here, contrary to defendant's assertion, the restaurant manager who testified at trial did not provide "only [a] 'rough estimate[] of value'. . . without setting forth any basis for his estimate[]" (Geroyianis, 96 AD3d at 1645; cf. Gonzalez, 221 AD2d at 204-205). Rather, the testimony of the restaurant manager "properly included his 'basis for knowledge of value . . . [so] that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold' " (People v Pepson, 61 AD3d 1399, 1400 [4th Dept 2009], lv denied 12 NY3d 919 [2009]; see People v Booker, 33 AD3d 371, 371-372 [1st Dept 2006], lv denied 8 NY3d 844 [2007]).
Contrary to defendant's further contention in appeal No. 1, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention in appeal No. 1 that the incarceration component of his sentence is unduly harsh and severe.
We nonetheless agree with defendant's contention in appeal No. 2 that the People failed to meet their burden at the hearing of establishing the amount of restitution. "Whenever the court requires restitution or reparation to be made, the court must make a finding as to the dollar amount of the fruits of the offense and the actual out-of-pocket loss to the victim caused by the offense" and, "[i]f the record does not contain sufficient evidence to support such finding or upon request by the defendant, the court must conduct a hearing upon the issue in accordance with" CPL 400.30 (Penal Law § 60.27 [2]). "At a restitution hearing, the People bear the burden of proving the victim's out-of-pocket loss—the amount necessary to make the victim whole—by a preponderance of the evidence" (People v Tzitzikalakis, 8 NY3d 217, 221 [2007]; see CPL 400.30 [4]). "The People's burden of proof encompasses both the burden of producing evidence sufficient to establish a prima facie case of the proper restitution amount . . . as well as the burden of persuasion—that is, the ultimate burden of convincing the hearing court, after all the evidence is submitted, that its restitution figure is, more likely than not, correct" (Tzitzikalakis, 8 NY3d at 221 n 2).
Here, the prosecutor requested at the hearing an amount of restitution based on the restaurant manager's testimony, which the court admitted in evidence over defendant's objection that the amount was speculative and approximate. With no other evidence or argument offered, the People and defendant each rested. The court, however, interjected to inquire whether the prosecutor was assuming that the court would consider materials submitted during the [*4]presentence investigation process. The prosecutor—apparently unfamiliar with the presentence investigation materials in the court's possession—then reviewed a letter submitted to the local police department from Erie Insurance Company (Erie), which was later included in the presentence investigation materials. The letter stated that, under the terms of the policy with its insured, i.e., F & P Enterprises of Amherst (presumably, but without an evidentiary basis, the restaurant's franchisee), Erie had "settled with them for the above loss" and, therefore, had "an interest in any recovery and/or prosecution related to this incident." The letter then listed the "Amount of Loss" as $6,004.09—an amount that materially differed from the amount claimed by the restaurant manager—with no further information about that figure. After his review, the prosecutor informed the court that he "d[id]n't know if there was any deductible" and "d[id]n't know how [Erie] determined that amount," but that he had no objection to the court considering that document. The court later issued a written decision and order in which it recited the submissions and burden of proof and then found, in conclusory fashion, that restitution had been established in the amount of $6,004.09. The court did not specify any recipient of the restitution.
We conclude that the People failed to establish the victim's actual out-of-pocket loss by a preponderance of the evidence. The restitution amount ordered by the court deviated from the loss claimed by the restaurant manager in his testimony, and the sole evidence supporting the actual amount of out-of-pocket loss calculated by the court was an undetailed, vague letter ostensibly from the restaurant franchisee's insurer listing an amount of loss—the calculation and accuracy of which was, by their own representation at the hearing, unknown to the People (cf. People v Wilson, 108 AD3d 1011, 1013 [4th Dept 2013]; People v LaVilla, 87 AD3d 1369, 1369-1370 [4th Dept 2011]).
Defendant also challenges in appeal No. 2 the court's failure to direct restitution to an appropriate person or entity (see Penal Law
§ 60.27 [4] [b]). Even assuming, arguendo, that defendant's contention required preservation under the circumstances of this case (see People v Meyers, 182 AD3d 1037, 1042 [4th Dept 2020], lv denied 35 NY3d 1028 [2020]; People v Graves, 163 AD3d 16, 25 [4th Dept 2018], lv denied 35 NY3d 970 [2020]), we exercise our power to reach that unpreserved contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Meyers, 182 AD3d at 1042). As defendant correctly contends, although the intended recipient appears to be Erie, the court failed to so specify and the record therefore does not establish the recipient of the restitution (see Meyers, 182 AD3d at 1042).
Based on the foregoing, we reverse the order in appeal No. 2 and remit the matter to County Court for a new hearing to determine restitution and its recipient in compliance with Penal Law § 60.27 (see People v Wilson, 59 AD3d 807, 808-809 [3d Dept 2009]; People v Mela, 172 AD2d 630, 630-631 [2d Dept 1991]; see generally Meyers, 182 AD3d at 1042).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court